Staff, J.
This is a civil action in which the plaintiff claimed rent and taxes due under a sublease agreement and guaranty in a sum in excess of $45,000.00.
The defendants, Servfast of Brockton, Inc. and Lester A. Clark, were served by a Deputy Sheriff in the State of New York, but failed to answer within the prescribed time and were defaulted on May 5, 1980 in accordance with Dist./Mun. Cts. R. Civ. P. Rule 55 (a). It was stipulated that both of these defendants had had actual notice of the suit from the date of service.
The basic issues raised by the report are whether the trial judge erred by requiring a bond in a certain amount as a condition precedent to the removal of a default, the refusal of the Court to accept the bond offered, and the eventual denial of defendants’ Motion to Set Aside Default. We find no error. The pertinent facts follow:
On or about July 14, 1980, plaintiffs counsel gave notice to defendants of a hearing on July 25, 1980 of his Motion to Assess Damages. At the hearing on July 25, 1980, an associate of defendants’ counsel was present but did not file an appearance. The associate represented that the defendants might retain his firm as attorneys and requested a three-week continuance which was granted over plaintiffs objection. On August 15, 1980, the date to which the case was continued, a further continuance to August 21,1980 was agreed to by counsel.
*105 On or about August 21, 1980, the two defendants filed a Motion to Set Aside Default stating as reasons therefor that New York counsel had advised defendants that service was improper and defective and that such defective service was a defense. Defendants stated further that difficulties in obtaining local counsel contributed to the failure to file a timely response. The defendants further alleged that they had a good and valid defense to the complaint. After hearing on the Motion to Set Aside Default, the Court ordered the defendants to post a bond with sufficient sureties in the penal sum of $25,000.00 as a condition precedent to removal of the default. Counsel objected to the requirement of posting a bond and objected to the amount alleging that the bond should be no more than the amount of rent accruing between the date when defendants’ answer was due and the date of filing of the Motion to Set Aside Default.
The rents actually due as of the date of the commencement of the action exceeded $25,000.00, and plaintiff requested a bond in the amount of $40,000.
The matter was continued three weeks for presentation of a bond and surety to the Court in accordance with its order, and then it was continued an additional week due to the engagement of defendants’ counsel in another court.
At the hearing, defendants’ counsel presented an unsigned suggested form of bond with an offer to provide a mortgage on certain real estate alleged to have been owned by a corporation controlled by the individual defendant as security. The case was continued an additional two weeks at which time defendant’s counsel presented a bond to the Court purportedly secured by a mortgage on certain real estate owned by a corporation not a party to this action. The mortgage itself, however, was signed by the defendants, Clark and Servfast of Brockton, Inc., neither of whom had title to the property.
Plaintiff pointed out the inadequacies of the mortgage and also objected on the grounds that levies had been made by the Internal Revenue Service on the mortgaged property and that the security offered was not adequate.
At the hearing, defendant offered to present a mortgage in proper form. Defendant also suggested that, as a practical matter, the Internal Revenue Service would be unlikely to attempt to force a public sale of the property and that if it did, the plaintiff would be adequately forewarned so that adequate security could be provided.
The Court then denied the Motion to Set Aside Default and at a subsequent hearing assessed damages in the amount of $42,565.00 with costs of $33.48.
The removal of a default rests in the sound discretion of the trial judge and will not be disturbed absent a showing of abuse of discretion. The Jerry Marlin, Co., Inc. v. Hyannis Marina, Inc., 3 Mass. App. Ct. 746 (1975).
Although the literal standard for setting aside a default (“[f]or good causé shown,” Dist./Mun. Cts. R. Civ. P. Rule 55 [c]> differs from that for vacating a default judgment (“mistake, inadvertence, surprise or excusable neglect” and “any other reason justifying relief from the operating of the judgment,” Dist./Mun. Cts. R. Civ. P. Rule 60 [b]), the same elements support either motion.
Basically, the Court in the exercise of its discretion considers the following factors:
1. Whether or not there is substantial prejudice to the non-defaulting party;
2. The degree of neglect of the defaulting party before the default and, after the default, the diligence of the defaulting party in attempting to have the default removed;
3. Whether or not the defaulting party appears to have a meritorious defense.
There is nothing here to indicate that the removal of the default would prejudice the plaintiff in the trial of its case. However, in a claim for money damages, so long as the defendant is able to avoid paying the claim he is successful. Conversely, until the plaintiff collects his money, he is unsuccessful. Although delay is not inevitably prejudicial, it is almost always detrimental to a plaintiff. We think that the judge would be warranted in considering the delay here as a factor prejudicial to the plaintiff.
As to the degree of neglect of the defendants, we note that more than four months *106 elapsed after notice to the defendants of the action and that more than three months elapsed after the default and before the defendants filed their Motion to Remove the Default.
On the question whether the defendants appear to have a meritorious defense, the report indicates that the only evidence offered in support of the motion was an affidavit of defendant’s counsel and not of the parties dealing with lack of demand and notice under a sublease agreement. On the other hand, plaintiffs counsel disputed the alleged facts, representing to the Court that he personally attended to the notices, and he submitted to the Court receipts for certified mailing of such notices. We may suppose that the judge considered the defense inconsequential and without merit.
Considering all of these factors, we see nothing in the record demonstrating an abuse of the trial court judge’s discretion in denying defendants’ motion.
We turn to the question whether the Court had the power to require a bond with security as a condition of removing the default. The rule does not expressly mention the subject, although under prior practice, the statute governing (G.L.C. 231, § 57, repealed by St. 1975, c. 377, § 87) provided that the Court “ . . . for good cause shown” and “in their discretion and upon terms” might take off a default. We also note that under prior practice a bond was not required “except by special order of the court” where the prevailing party moved to vacate a final judgment in a civil action within three months. G.L.c. 250, § 14, repealed by St. 1975, c. 377, § 148. Under a petition to vacate a judgment, however, a bond was required. G.L.c. 250, §17, repealed by St. 1975, c. 377, § 148. The Supreme Judicial Court in the cases of Paro v. Longwood Hospital, 373 Mass. 645, 652-655 (1977), and Damaskos v. Board of Appeal of Boston, 359 Mass. 55, 57-59, 62-64 (1971), discusses extensively the question of bond requirements including the constitutional issues, and no useful purpose would be served by repeating its explication.
The defendants’ argument that the bond requirement bars them from the Court misses the point. The defendants were not barred from the Court. Had they filed a responsive pleading on time, no bond would have been required.
No prejudicial error having been found, the report is dismissed.