Martin, J.
The conflict in this appeal arises out of an action brought by the plaintiffs, Edward and Faith Trost, pursuant to G.L.c. 186, §15B against the defendants, New World Realty Corp. and Mary Signoriello. After vacating the defendant’s premises in which the plaintiffs had lived as tenants for approximately nine months, the plaintiffs sought to recover a security deposit and treble damages, as well as interest and attorney’s fees. In the action, both of the defendants proceeded pro se. The defendant New World Realty Corp., by its president, Mary Signoriello, filed an answer; however, Mary Signoriello failed to file an answer in her own defense. Due to this failure, the plaintiffs applied for and received a default judgement against Signoriello. Within the statutorily allowed time, Signoriello filed a motion for relief from judgment which was denied. It is this denial of relief from judgment, that the defendant, Signoriello, claims to be aggrieved by, and which forms the basis for this appeal.
Mass. R Civ. Pro., Rule 60(b) provides in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from afinal judgment, order or proceedingfor the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. ...
The defendant specifies in her brief to this court that relief from the judgment should be forthcoming due to mistake or excusable neglect. As has been so appropriately stated in Klapprott v. United States, 335 U.S. 601 (1919), the court has the power “to vacate judgements whenever such action is appropriate to accomplish justice.” This power is discretionary power vested in the trial judge, and will not be disturbed on appeal without a showing of abuse. Bird v. Ross, 393 Mass. 789 (1985). Parnell v. Keenan, 389 Mass. 809 (1983). Chiu-Kun Woo v. Moy., 17 Mass. App. Ct. 949 (1983). This discretion must be exercised “as to promote and not baffle an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of practice in the courts.” Albert v. Mercury Publishing Co., 272 Mass. 43, 45 (1930). The defendant Signoriello chose to proceed pro se and as a result failed to recognize proper procedural process. By this choice, she now claims to be aggrieved. To have granted the motion would have been to encourage carelessness, ignorance, laxity and finesse of practice. For cases more on point and in support of the denial of the motion, refer to Standard Newspaper Inc. v. King, 375 F.2d 115 (2nd Cir. 1967) and *202 Ohliger v. U.S., 308 F.2d 667 (2nd Cir. 1962). In Standard, the court held that the misplacing of papers in the excitement of moving an attorney’s office was held not to constitute excusable neglect sufficient to relieve the party from a default judgement entered for failure to file an answer. In Ohliger, the court held that ignorance of the rules of civil procedure has been held not to be “excusable neglect.” We hold that the trial court judge exercised proper discretion in not granting the motion for relief from judgement. So ordered.