Cowin, J.
INTRODUCTION
Plaintiffs Kimberly, Betty and Seymour Salett brought the present action against defendants Mass Internet, Mass Internet Co., Vincent Garafalo, Christopher Woods and John Doe, seeking injunctive relief and monetary damages with respect to the dissemination of an obscene and lewd message concerning Kimberly Salett via the Internet Network. The defendants were eventually defaulted for failure to answer; damages were assessed against them and executions issued. This matter is now before the Court on the motion of defendants Mass Internet, Mass Internet Co. and Vincent Garafalo for relief from judgment pursuant to Mass.R.Civ.P. 60(b)(1). For the reasons discussed below, the defendants’ motion is DENIED.
*132 BACKGROUND
On November 28, 1995, plaintiff Kimberly Salett and her parents, Betty and Seymour Salett, filed the complaint in the present case alleging that an unknown defendant, John Doe, requested and paid for the publication on the Internet Network of a lewd, obscene and defamatory message concerning Kimberly Salett. The Saletts’ complaint alleges that defendants Mass Internet and Mass Internet, Co. (the business defendants), Vincent Garafalo (Garafalo)[3] and Christopher Woods (Woods)[4] accepted Doe’s payment and caused the defamatory message to be posted at a site identified as “ALT. BINARIES .PICTURES. EROTICA. AMATEUR. FEM ALE” and disseminated worldwide over the Internet. The complaint further alleges that as a result of the dissemination of this message, the Saletts received over 600 harassing phone calls at all hours of the night and early morning between November 25,1995 and January 1996 from people responding to the message. The Saletts’ complaint thus sought injunctive relief as well as damages for infliction of severe emotional distress, invasion of privacy and a violation of Chapter 93A.
On the same date that the complaint was filed, this Court (Brassard, J.) entered a temporary restraining order ordering the defendants to immediately cease publication via the Internet of the message concerning Kimberly Salett and further ordering the defendants to disclose the identity and address of John Doe. Accordingly, the defendants revealed that John Doe, the individual who had submitted and paid for the obscene message, was a customer named Robert Hufault. On December 13, 1995, a return of service was received for Robert Hufault. On December 15th a return of service was received for the business defendants, Garafalo and Woods. On that same date, this Court (Brassard, J.) entered apreliminaiy injunction restraining the defendants from any further publication of the obscene message.
The business defendants, Garafalo and Woods, never answered the Saletts’ complaint and were defaulted pursuant to Mass.R.Civ.P. 55.[5] Thereafter, on April 5, 1996, this Court (Connolly, J.) entered judgment against the business defendants and Garafalo for damages in the amount of $500,000 plus attorneys fees in the amount of $3,500 and expenses in the amount of $493.62. On that same date, the Saletts voluntarily dismissed the claims against Woods without prejudice. An execution of judgment was issued on May 29, 1996. However, on June 24, 1996, this Court (Volterra, J.) vacated the judgment and execution and issued an amended judgment substituting Vincent Garafalo aka Vincent Garofalo for Vincent Garafalo. On September 12, 1996, this Court (Butler, J.) issued a successor execution for the amended judgment. On February 10, 1997, the business defendants and Garafalo filed the present motion for relief from judgment.
DISCUSSION
Massachusetts Rule of Civil Procedure 60(b)(1) provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect.
The business defendants and Garafalo are seeking to vacate the judgment against them on the ground that their failure to answer the Saletts’ complaint was due to excusable neglect. A motion under Rule 60(b) is addressed to the sound discretion of the judge. Schulz v. Black, 369 Mass. 958, 958 (1975); Cullen Enterprises, Inc. v. Massachusetts Property Ins. Underwriting Ass’n, 399 Mass. 886, 894 (1987); Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. 426, 429 (1979). In exercising said discretion, the court should consider the following factors: (1) whether the offending party has acted promptly after entry of judgment to assert his claim of relief therefrom; (2) whether there is a showing by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other parly; and (6) whether the error is chargeable to the party’s legal representative rather than to the party himself. Berube v. McKesson Wine & Spirits Co., supra at 430-31.
Under Rule 60(b)(1), the moving party bears the burden of justifying the motion and must make some showing of why that party was justified in failing to avoid mistake or inadvertence. Cullen Enterprises, Inc. v. Massachusetts Property Ins. Underwriting Ass’n, supra at 894; Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987). Relief is not justified for any kind of garden variety oversight. Goldstein v. Barron, 382 Mass. 181, 186 (1980); Cullen Enterprises, Inc. v. Massachusetts Property Ins. Underwriting Ass’n, supra at 894. The business defendants and Garafalo contend that although they received notice of the restraining order/injunction, they believed that once they revealed the identity of John Doe to the Saletts, they were no longer involved in the case. They further contend that once the preliminary injunction issued, they never received notice of any further proceedings until approached by the Essex County Sheriffs office with regard to the execution in December 1996.
The defendants’ assertion that they believed their involvement in the case to be finished once they complied with the terms of the preliminary injunction, even if genuine, would not constitute excusable neglect. Relief from judgment under Rule 60(b)(1) is not warranted when the movant is a sophisticated business enterprise which failed to safeguard its interests by hiring counsel and mounting an adequate defense, and then further failed to seek promptly to remove a default against it. Scannell v. Ed. Ferreirinha & Irmao, Lda., supra at 160. Under such circumstances, a *133 default judgment was a logical and fair resolution of a case for a party who failed to protect its interests. Id. See also Taylor v. Boston & Taunton Transp. Co., 720 F.2d 731, 734 (1st Cir. 1983) (refusing to remove a default where the defendant was aware of the lawsuit but took no action for 16 months until it received the notice of final judgment). In the present case, the Saletts’ complaint clearly names both the business defendants and Garafalo individually as parties to the action and asserts a damages claim against them. Garafalo does not purport to be an unsophisticated individual and, as a businessman, can be presumed to know that lawsuits generally involve demands for money and that the issuance of an injunction does not terminate such a lawsuit.[6] In addition, the defendants and Garafalo made a conscious choice not to obtain counsel prior to the default and therefore ran the risk of proceeding without legal advice. See Trost v. New World Realty Corp., 1992 Mass. App. Div. 201 (declining to grant relief from judgment where the defendant chose to proceed pro se and failed to followproper procedures, resulting in her default). Any legal error by the business defendants and Garafalo or other failure to protect their interests is directly chargeable to the defendants themselves. A party remains under a constant duty to take legal steps to protect his interests and a simple disregard or neglect of such duty does not ordinarily justify relief from judgment. Consumers Credit Union v. Florentine, 1979 Mass.App.Div. 449. Accordingly, I conclude that the defendants’ erroneous belief that once an injunction issued they were no longer involved in the case does not constitute excusable neglect within the meaning of Rule 60(b)(1).
The defendants further contend that after the issuance of the preliminary injunction, they never received notice of any further proceedings until approached by the Essex County Sheriffs office with regard to the execution in December 1996. The burden is on the defendants to demonstrate that they were justified in failing to protect their legal interests because they did not receive notice of the proceedings. See Cullen Enterprises, Inc. v. Massachusetts Property Ins. Underwriting Ass’n, supra at 894; Scannell v. Ed. Ferreirinha & Irmao, Lda., supra at 158. Further, a motion for relief from judgment based on alleged non-receipt of notice of the proceedings must be supported by affidavits which clearly and specifically set out all relevant facts relied on in support of the motion. Roberson v. City of Boston, 19 Mass.App.Ct. 595, 598 (1985).
Garafalo’s affidavit states that “documents that were sent to us by the clerk of the court, as evidenced by the exhibits attached hereto were returned by the postal service because incorrect addresses were given as to the documents that were sent out." While there is evidence that various notices of hearings sent to Garafalo individually were returned to the court marked insufficient address, no evidence has been presented that any notices sent to the business defendants were so returned to the court. Thus, I conclude that notice of the proceedings in the present case was received at the very least by the business defendants and that Garafalo, as President and CEO of Mass Internet, a closely held company, received constructive notice from the mailings delivered to the business defendants.
In addition, Attorney Lee, counsel for the Saletts, has filed papers indicating that he sent notices to Garafalo individually which were never returned to him for insufficient address.[7] I credit Attorney Lee’s representations that his mail to the defendants was not returned undelivered to him. Therefore, I conclude that both the business defendants and Garafalo received notice of the proceedings in the present case but deliberately chose to ignore such notice until after the execution of judgment had issued. At their peril, they declined to hire counsel to assist them and then failed to mount any defense to the Saletts’ claims.
Further, I find that the defendants delayed inappropriately after receiving notice that there was a $500,000.00 judgment (hardly an inconsequential sum) against them in the late fall, 1996. The sheriff served the execution on Mass Internet in November and then spoke by telephone with Garafalo later that month. Nonetheless, it was only after the sheriff actually appeared at the business in December, ready to levy upon the execution, that Garafalo acted to get counsel.[8] Given the sizeable judgment outstanding against them, this Court finds that the defendants failed to act promptly to attempt to remove the default against them.[9] Thus, I conclude that the defendants’ failure to respond to the Saletts’ complaint was the product of a consciously chosen course of conduct and that their failure to safeguard their interests does not constitute excusable neglect within the meaning of Rule 60(b)(1). Accordingly, I decline to exercise discretion to set aside the judgment and execution which have already issued in this case.
ORDER
For all the foregoing reasons, the defendants’ motion for relief from judgment is DENIED.

 Garafalo is the President and CEO of Mass Internet.

 Woods is the Assistant Administrator of Mass Internet.

 Defendant Robert Hufault answered the complaint; however, the claims against him were eventually dismissed without prejudice by stipulation on April 23, 1996.

 Garafalo asserts in his affidavit that he consulted with Attorney Lee, counsel for the Saletts, the adversary parties, after receipt of the restraining order and that “we believed, after discussing this matter with attorney Lee, that we were no longer involved in the case.” There is no indication that Attorney Lee misled the defendants. Further, Attorney Lee is not obligated to advise the defendants; indeed, as opposing counsel, his obligation is to the contrary.

 These notices included a motion to amend the complaint together with an affidavit of no opposition; a request for default judgment with certificate of service indicating that all parties had been served by mail; a notice of assessment of *134 damages indicating that a notice of the hearing was sent to all defendants; and a motion to amend and reissue a copy of the plaintiffs motion to amend the judgment and execution with a certifícate of service that said document was served by first class mail upon each of the named defendants.

 In fact, the defendants did not contact their present counsel until January 1997.

 Although I do not decide the case on this basis, there are intimations that the individual defendants were contemplating the possibility that the judgment would be uncollectible against the business and therefore that they ignored the possibility that they might be individually liable as well. Regardless of whether that arises from a lack of legal advice or otherwise, that is a risk that they consciously assumed.