LoConto, PJ.
Aggrieved by the trial judge’s allowance of the appellee’s motion to vacate a default judgment and the failure to award damages of diminution in value, the appellants, John A. Kiley and Jane E. Kiley, filed this Expedited Appeal. Our resolution of the first issue on appeal alleviates the necessity to address the latter. Those facts necessary to the understanding of the issues, taken from the record and the Summary of Undisputed Facts, are as follows[1]. The appellants met William Glynn while shopping for real estate. As a result, on or about August 26, 1997, the appellants entered into a Purchase and Sale Agreement with the Glynn Bacon Realty LLC to purchase a lot for $120,000. The parties also entered into an agreement with the appellee, William Glynn d/b/a/Glynn Construction, to build a house on the lot for an additional $303,500.00. Mr. Glynn held himself out as the owner of Glynn Bacon Realty LLC, and a licensed contractor. In fact, William Glynn was not an officer of the LLC, of which his father was majority owner, nor did he hold any ownership interest at all times material to the transaction and construction of the house. In addition, the parties now agree that Mr. Glynn was not a licensed contractor in Massachusetts at any time relevant to this case. The building permit was issued to Glynn Construction under the Construction Supervisors license of another person, all without the knowledge of the appellants. The appellants testified that they would not have entered into said agreement had they known that Mr. Glynn was not a licensed contractor. After complaining to the appellee of various problems associated with the construction of the house, the appellants brought an action on January 5, 2000, in the Clinton District Court. In his affidavit in support for his motion for relief, the appellee admitted receiving the complaint and the notice of the appellants of their intention to attach his property on January 12, 2000. He also admitted attending the hearing on the Motion to Attach on January 24,2000. Nevertheless, having failed to answer the complaint, a default entered on February 14, 2000. Following a hearing on the assessment of damages, unattended by the appellee or counsel, judgment for the appellants entered on June 14, 2000, in the amount of $74,273.03. Approximately one year later, over the appellants’ objections, the appellee’s motion to remove a default was *184 allowed on January 30,2001. After trial held on various dates between April 4,2002 and August 21, 2002, a finding was entered against William Glynn d/b/a Glynn Construction Company for breach of contract and negligence with damages awarded in the amount of $35,269.00. Counts for misrepresentation and violation of 93A resulted in the appellee’s favor.
Counsel for the defendant filed the Motion to Vacate Judgment, Remove Default and File Answer Late along with a supporting affidavit of the appellee, who acknowledged that, after appearing at court on the plaintiffs’ unsuccessful motion to attach property, he “did not remember by what means [he] received the Entry of Default against [him], but [he] did not understand what it meant.” The appellants countered with an opposition to the motion. After hearing, the motion was allowed without any findings or rulings.
Rule 55(c) permits a court to set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60(b)- Mass. R Civ. R, Rule 55(c). Ordinarily a motion for relief from judgment is addressed to the judge’s discretion, and appellate courts will show marked deference to the lower court’s resolution of such a motion. Pielech v. Massasoit Greyhound, Inc., 47 Mass. App. Ct. 322 (1999). This discretion must be exercised so as to promote and not baffle an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of practice in the courts. Mischler v. Burnes, 1998 Mass. App. Div. 52. A judgment may be vacated under Rule 60(b) (1) “only if the party seeking relief demonstrates that the mistake, inadvertence or neglect was excusable and not due to his own carelessness.” Murphy v. Administrator of Div. of Personnel Adm., 377 Mass. 217, 228 (1979). Rule 60(b) (1) permits the court to relieve a parly from final judgment on account of mistake, inadvertence, surprise, or excusable neglect. Factors that may be considered in determining whether relief should be granted are: (1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself; for “the courts have been reluctant to attribute to the parties the errors of their legal representatives.” Berube v. McKesson Wine & Spirits Company, 7 Mass. App. Ct. 426, 429-430.
Here, the appellee admitted receiving the complaint and summons, attending the hearing on the motion to attach, but gave no explanation for his failure to answer the complaint. Thereafter, he received the notice of the entry of the default, but claimed he did not understand what it meant. It was not until January 22, 2001, approximately seven months after the entry of the default judgment on February 4,2000, that the appellee filed his motion for relief. The burden is on the appellee to prove that his failure to respond to the complaint was not attributable simply to his own carelessness, or intentionally chosen course of conduct. Scannett v. Ed. Ferreirinha & Irmao, LDA, 401 Mass. 155 (1987). Although the above mentioned Berube factors can be considered by courts determining whether or not a party has demonstrated excusable neglect, in the final analysis, that inquiry should be fact intensive and case specific. McIsaac v. Cedergren, 54 Mass. App. Ct. 607 (2002). Excusable neglect must be more than, “Oops, I forgot.” Tai v. City of Boston, 45 Mass. App. Ct. 220 (1998). “It is meant to apply to circumstances that are unique or extraordinary, not any garden-variety oversight.” Feltch v. General Rental Co., 383 Mass. 603, 613-614 (1981). The appellee’s inaction may be excusable if he could demonstrate that during the time in question he was engaged in settlement negotiations with the appellants and he thought that the case had been *185 resolved. See 12 Moore’s Federal Practice, par. 60.41 [1] [c] (ii) (3d ed. 1998). On occasion, parties can obtain relief upon a claim that the neglect was the fault of counsel. And although courts are reluctant to penalize parties for their attorneys negligence, Berube, at 431, neglect by the parly himself receives little protection. Although some leniency is appropriate, the rules bind a pro se litigant as they bind other litigants. Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985).
The appellee has failed to demonstrate that his mistake, misunderstanding, or neglect was excusable. He did not advance substantial grounds for relief. He merely acknowledged that he was careless. For these reasons, we determine that the trial judge abused her discretion by allowing the appellee’s motion for relief. The default entered against the appellee for the failure to answer the complaint and resulting judgment by default must stand. We direct that the Clerk/Magistrate vacate the entry of the finding for the plaintiff after trial entered on November 15, 2002, and vacate the allowance of the defendant’s Motion to Vacate Judgment, Remove Default and File Answer Late. And further we order the Clerk/ Magistrate to restore the default entered on February 4, 2000, and the judgment entered by default on June 6, 2000. We need not reach the appellants’ other issue presented on appeal.

 The appellee did not file a brief and did not participate in oral argument. Dist./ Mun. Cts. R. A D. A., Rule 19.