Desmond, J.
The defendant in this matter, Bruce Lord (“Lord”), filed this appeal pursuant to Dist./Mun. Cts. R.A.D.A., Rule 8C. Lord asserts that the trial judge committed reversible error by denying his motion to remove the default judgment that had been entered against him and in favor of the plaintiff, Jorge Noya (“Noya”).
The events giving rise to this cause of action are as follows. Lord purchased an automobile from Automotive Services of New England, Inc. (“Automotive”). At the time of the purchase, Noya was the sole stockholder of Automotive. Pursuant to an agreement between Sovereign Bank (“Sovereign”) and Automotive, Sovereign financed the purchase of automobiles by Automotive’s customers in return for Automotive’s delivery of a perfected security interest to Sovereign. When Automotive failed to obtain a certificate of title for the vehicle purchased by Lord that showed Sovereign as the lienholder, Sovereign brought a contract action against Automotive and demanded that Automotive repurchase the retail installment contract for Lord’s automobile.
Noya subsequently sold the stock of Automotive to two individuals who are not parties to this action. The terms of the sale included an agreement by Noya to indemnify the individuals who purchased the stock. When Sovereign brought the action against Automotive, Automotive brought a third party complaint against Noya pursuant to the terms of the indemnity agreement executed in connection with the sale of Automotive’s stock. At that point, Noya impleaded Lord as a fourth party defendant and alleged that Lord had failed to cooperate in perfecting the security interest in the automobile that he had purchased from Automotive. Lord answered and filed a counterclaim, alleging that he never received the documents of title necessary for him to register the automobile in his state of residence, New Hampshire.
A pretrial conference took place on September 27, 2006. At the conference, the mediator delivered by hand a Trial Date Notice for April 25, 2007. The docket does not contain an entry indicating that notice of the trial date was given. On April 25, *285 2007, Sovereign, Automotive and Noya appeared for trial, and Lord failed to appear.
Prior to the trial date, on March 30, 2007, the court had granted Sovereign’s motion for summary judgment in its action against Automotive. The assessment of damages hearing was scheduled for May 16, 2007. In an effort to resolve all of the matters on the trial date of April 25,2007, the trial judge assessed damages against Automotive and in favor of Sovereign in the amount of $25,576.61. In the third party action of Automotive against Noya, the trial judge entered a finding for Automotive and assessed damages in the amount of $25,576.61. As to Noya’s claim against Lord, the trial judge entered a default judgment against Lord, dismissed his counterclaim and assessed damages against him in the amount of $25,576.61.
Upon receipt of the notice of judgment, Lord filed a motion to remove the default. In his affidavit filed in support of the motion, Lord stated that he never received notice of any kind to appear for trial on that day. The judge who heard Lord’s motion denied it as to liability and allowed it as to damages. At a subsequent assessment of damages hearing, the judge entered judgment in favor of Noya and against Lord in the amount of $25,776.61. Lord’s subsequent motion to reconsider the denial of his motion to vacate judgment was denied, and this appeal followed.
Under Mass. R. Civ. R, Rule 55(c), “ [f] or good cause shown the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 600)).” Under Mass. R. Civ. R, Rule 60(b)(1), “the court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... (1) mistake, inadvertence, surprise, or excusable neglect. ...” Lord’s motion to remove the default did not specify whether he was proceeding under the “good cause” standard of Mass. R. Civ. R, Rule 55(c) or under the “excusable neglect” standard of Mass. R. Civ. R, Rule 60(b) (1). Nor did the court refer to either rule in first allowing Lord’s motion as to damages only and subsequently denying his motion to reconsider. The “good cause” standard of Mass. R. Civ. R, Rule 55(c) is a less stringent standard than the “excusable neglect” standard of Mass. R Civ. R, Rule 60(b) (1). Broome v. Broome, 40 Mass. App. Ct. 148, 152 (1996).
In any event, a ruling on a motion under either standard is within the discretion of the trial judge. See Bird v. Ross, 393 Mass. 789,791 (1985) (stating that a ruling on a motion under Mass. R. Civ. R, Rule 60(b) is within the discretion of the judge); Riley v. Davison Constr. Co., 381 Mass. 432, 441-442 (1980) (stating that entry or removal of a default judgment is a matter of the trial judge’s discretion under Mass. R. Civ. R, Rule 55(c)). Thus, our review of the judge’s denial of the motion to vacate the default judgment necessarily begins with clear deference to the judge’s exercise of discretion.
Under the “excusable neglect” standard of Mass. R. Civ. P., Rule 60(b) (1), we cannot say that the denial of Lord’s motion to remove the default was an abuse of discretion because Lord has failed to meet his burden of demonstrating that his mistake was excusable and not simply a result of his own carelessness. See Gath v. M/ACOM, Inc., 440 Mass. 482, 497 (2003) (discussing moving party’s burden of demonstrating excusable mistake). All parties appeared at the pretrial conference on September 27, 2006 and received the notice of the trial date. All of the parties appeared on the date except Lord, who offered no reason for his failure to appear other than his assertion that he did not receive the notice.
In addition, in our review of the judge’s exercise of discretion under the “excus *286 able neglect” standard of Mass. R. Civ. R, Rule 60(b) (1), we consider the following factors:
(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit (3) whether the neglectful conduct occurs before trial, as opposed to during, or after trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself.
Berube v. McKesson Wine and Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979). Here, Lord’s conduct occurred at the trial itself. In addition, the error is not chargeable to Lord’s legal representative because Lord was pro se when the default judgment entered against him. He is represented by counsel for the first time in this matter on the appeal. Finally, allowance of Lord’s motion to remove the default would result in prejudice to Noya. When Lord failed to appear at trial, Noya agreed to have judgment entered against him in Automotive’s third parly action against Noya and to have damages assessed in the amount of $25,576.61. The damages amount is the same amount assessed against Lord in Noya’s action against Lord.
For the same reasons, we are satisfied that the judge did not abuse his discretion even under the less stringent standard of Mass R. Civ. R, Rule 55 (c). The defendant’s assertion that he did not receive notice of the trial date is belied by the fact that all other parties who attended the pretrial conference received the notice and appeared for trial on the designated day.
Accordingly, we affirm both the denial of Lord’s motion to vacate the default judgment and the denial of his motion for reconsideration. Lord’s appeal is dismissed.