Welch, J.
Hie defendants-appellants, James P. and Stephanie J. Ryan (“Ryans”), failed to answer the complaint of the plaintiff-appellee, Board of Managers of the Sea ‘N Sand Motel Condominium (“Board”), resulting in a default. The Ryans sought to remove the default, which request was denied, and default judgment entered. On the Ryans’ appeal, the issue before us is whether the motion judge abused his discretion in not allowing the Ryans’ motion to remove the default.
The Ryans are owners of a unit at the Sea ‘N Sand Motel Condominium (“Sea ‘N Sand”). A brief history of the relationship between the Ryans and the Board warrants review, as it sheds light on the wherewithal of the Ryans to have filed a timely answer to the Board’s complaint In 2012, the owners of the condominium units at the Sea ‘N Sand were each assessed a $3,500.00 fee to pay for the repair of a section of the common area. At the time of the assessment, the Ryans were delinquent in the payment of their condominium fees. The Ryans failed to pay either the assessment or the outstanding condominium fees and were informed that a collection action would be filed. At the midnight hour, the holder of their mortgage paid all of the delinquent condominium fees, the assessment, and all attorney’s fees. In 2013, the Ryans responded to the bailout by hiring counsel, who is counsel in this appeal, and filing suit against the Board, seeking a refund of the assessment as well as alleging conspiracy and civil rights violations.[3]
*93 On April 1,2014, during a pretrial conference for the assessment litigation, counsel for the Board apprised counsel for the Ryans, Attorney Paul Revere (“Revere”), that the Ryans had, once again, fallen into default on their condominium fees. Revere responded that it was the Ryans’ considered opinion that the payment of the unlawful assessment should be credited to the condominium fees, but that he would review the outstanding debt with his clients. Hearing nothing from the Ryans or Revere, the Board initiated the lien enforcement process by sending payment-demand letters to the Ryans and their mortgage holder on April 7, 2014, and a copy to Revere on April 11,2014. Receiving no response, the Board sent another letter to the Ryans and their mortgage holder on May 13, 2014 that suit would be filed, and a copy to Revere on May 14,2014;[4] again, there was no response. On June 16,2014, suit was commenced. On the same date that the complaint was filed, again while in the Orleans District Court on the assessment matter, counsel for the Board inquired of Revere as to whether he would be representing the Ryans in the recently filed complaint for nonpayment of the condominium fees. Revere indicated he would not be representing the Ryans in the matter. On June 18, 2014, counsel for the Board e-mailed a copy of the complaint for condominium fees as a courtesy to Revere. In the e-mail, the Board’s attorney confirmed their discussion in the Orleans District Court that Revere would not be representing the Ryans in the new action and service would be made in the ordinary course. In a truly “belt and suspenders” approach, counsel for the Board also e-mailed Revere that the complaint had been transmitted to the deputy sheriff for service and had been recorded with the Barnstable County registry of deeds (along with a copy of the recording information).
On June 27,2014, the complaint for failing to pay the condominium fees was properly served. The Ryans failed to answer the complaint, and on July 22,2014, the Board filed a request for default, a copy of which was served on the Ryans. On July 30,2014, the Ryans, now represented by Revere, filed a motion to remove default, scheduling the motion for hearing on August 11, 2014. On August 6, 2014, the Board filed its opposition to the motion. Due to a scheduling conflict, the parties agreed to move the hearing on the motion to August 25,2014. While the motion was pending, the Board filed a motion for default judgment and assessment of damages.[5] On August 25,2014, *94 a hearing was held, the Ryans’ motion to set aside the default was denied, and default judgment entered in the amount of $9,792.00.
The Ryans claim the motion judge abused his discretion. They allege that upon learning of the default, they immediately contacted counsel and attempted to remove the default. At first blush, the argument would have appeal. However, with knowledge of the Ryans’ history of avoidance, as evidenced by counsel for the Board’s many efforts to keep both the Ryans and their attorney on the assessment matter apprised of the delinquent condominium fees, we conclude that the Ryans chose to evade and not engage.
In accordance with Mass. R. Civ. P., Rule 55(c), for good cause shown, the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60(b).[6] As grounds for removal of a default, the court considers whether there is substantial prejudice to the nondefaulting party, the degree of neglect of the defaulting party both before and after the default, and whether the defaulting party has a meritorious defense. See Noya v. Lord, 2008 Mass. App. Div. 284, 285-286; J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §55.8, at 260 (2d ed. 2007). The removal of a default rests in the sound discretion of the trial judge and will not be disturbed absent a showing of abuse of discretion. It is well established that “[tjhe removal of an entry of default under rule 55(c) is a matter ‘addressed to the sound discretion of the trial judge.’” Burger Chef Sys., Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289 (1984), quoting Silkey v. New England Tel. & Tel. Co., 9 Mass. App. Ct. 816 (1980). Because the motion is addressed to the trial judge’s discretion, appellate courts will ordinarily defer to the trial judge’s ruling on the motion. Pielech v. Massasoit Greyhound, Inc., 47 Mass. App. Ct. 322, 324-325 (1999) (discussion of Rule 60(b) motion). It is important, however, for the trial judge to exercise this discretion “so as to promote and not baffle an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of practice in the courts.” Kiley v. Glynn, 2004 Mass. App. Div. 183, 184.
The Ryans have attempted to finesse the facts of their diligence to the court, calling attention to their counsel’s immediate response to the default and the delay being “a few days.” The Ryans had been given notice of the debt owing months before the *95 complaint was filed pursuant to the notice provisions required in accordance with the lien enforcement provisions as applied to condominiums. See G.L.c. 183A, §6(c). In their motion to set aside the default, an affidavit from counsel was attached stating both that he did not represent the Ryans but that the Ryans thought he did. It is quite telling that the Ryans did not provide an affidavit of their own stating that they thought Revere was representing them in the condominium fee action. Counsel for the Board was prescient as to the Ryans’ future defense, as at every turn he gave notice both to Revere and the Ryans of all actions taken and to be taken in pursuit of the collection of condominium fees.
In addition to the Ryans’ dilatory behavior is their lack of a valid defense to the action. The Ryans attempt to merge an action challenging an assessment, including attaching a copy of a criminal complaint, with the action for condominium fees. By statute, no unit owner of a condominium shall be entitled to an offset, deduction, or waiver of common expenses or other charges levied or lawfully assessed by the organization of unit owners. See G.L.c. 183A, §7. The Ryans’ considered opinion that the condominium fees should be offset by payment of the assessment is without merit.
The motion judge properly exercised his discretion in denying the Ryans’ request to set aside the default. Judgment affirmed.

 The Board had commissioned an engineering report to address the repair issues. Unbeknownst to the Board, an individual fraudulently affixed a structural engineering stamp to the report. Once discovered, the Board reaffirmed the assessment, relying on various contractor bids unrelated to the report. The Ryans claim the Board was *93 involved in a conspiracy as it related to the engineering stamp. As the matter is pending in the Orleans District Court, we do not comment on the merits, or lack thereof, of the assessment action.

 General Laws c. 183A, §6(c) sets forth the statutory framework for the collection of outstanding condominium fees. In accordance with the statute, a unit owner and the first mortgagee are to be notified, by certified and regular mail, of the amount of the delinquency. Further, the statute calls upon the Board to send a notice thirty days prior to filing suit to the first mortgagee of its intention to file suit. There is no dispute that the Board complied with the very generous notice provisions of G.L.C. 183A and that the Ryans failed to pay the common expenses.

 For the first time on appeal, the Ryans raise the issue that the motion for entry of default judgment and assessment of damages was not served at least fourteen days prior to the date of the hearing in contravention of Mass. R. Civ. P., Rule 55(b)(2). *94 As the matter was not raised in the trial court, and as counsel for the Ryans did not object to the court hearing the matter, the issue is not properly before this Division. “Objections, issues, or claims — however meritorious — that have not been raised at the trial level are deemed generally to have been waived on appeal.” Palmer v. Murphy, 42 Mass. App. Ct. 334, 338 (1997).

 The motion was not included in the record appendix; however, in the Ryans’ appeal on the record of proceedings and in their brief, counsel for the Ryans references Mass. R Civ. P., Rule 55(c), and, as such, we will reference Rule 55(c) in our opinion. “Although the literal standard for setting aside a default C M or good cause shown,’ Dist./Mun. Cts. R. Civ. P., Rule Rule 55 [c]) differs from that for vacating a default judgment (‘mistake, inadvertence, surprise or excusable neglecf and ‘any other reason justifying relief from the operating of the judgment.’ Dist./Mun. Cts. R. Civ. P., Rule 60 [b]), the same elements support either motion.” Burger Chef Sys., Inc. v. Servfast of Brockton, Inc., 1982 Mass. App. Div. 104, 105.