Banks J.
This is apetition to establish a draftreport brought by the plaintiff who was the prevailing party in a small claims action adjudicated in the Haverhill Division.
The plaintiffs draft report sought appellate review solely of the adequacy of the $15,848.08 damages awarded by the court in the small claims session upon the plaintiffs claim for motor vehicle property damage in the amount of $35,000.00. The draft report was “denied” by the trial court
1. In instituting this action as a small claims case, the plaintiff forfeited certain appellate rights which he might otherwise have claimed. Daum v. Delta Airlines, Inc., 396 Mass. 1013, 1014 (1986). General Laws c. 218, §23 states:
A plaintiff beginning a cause under the [small claims] procedure shall be deemed to have waived a trial by jury and .any right of appeal to a jury of six session in the district court department.
Further, neither party to a small claims proceeding may claim, as of right, a report to the Appellate Division. Id. at 1014. Section 23 expressly provides:
No party to a cause under the [small claims] procedure shall be entitled to a report. If the Court is of the opinion that a question of law requires review, it may submit the matter, in the form of a report of a case stated, to the Appellate Division.
*201 See also District Court Standards of Judicial Practice, Small Claims §7.06 (1984). There is, therefore, no question as to the propriety of the trial court’s “denial"[1] of the plaintiffs ill-advised draft report
2. In his proposed draft report, the plaintiff recites:
The plaintiff is aggrieved by the Judge’s ruling which did not award the following damages:
(a) Storage in the amount of $4,000.00;
(b) Depreciation in the amount of $5,000.00;
(c) Car rental in the amount of $6,499.55 for the Mercedes Benz and $677.70 for the Grand Prix;
(d) Repairs to the stereo in the amount of $1,300.00;
(e) Repair costs in the amount of $13,848.08;
(f) The Sum of $1,100.00 paid to Dick’s Auto Body who stripped the vehicle for defendant’s carrier.
While the trial court did not detail its calculation of the $15,848.08 award of damages to the plaintiff, it is apparent from the draft report that plaintiffs several claims of damageweredisputedattrial(e.g.,thedefendantpresented evidence that the fair cost of repair was $7,544.41).
There is no suggestion in the draft report that the trial court failed to consider every element of damage advanced by the plaintiff to which he was entitled. It is thus clear that the draft report now sought to be established by the plaintiff presents no question of law for appellate review, but merely reflects the plaintiffs dissatisfaction with the court’s evaluation of the evidence presented on the question of damages. The plaintiff has no right of appeal to this Division, in this matter or any other, from the court’s factual findings. Bartley v. Phillips, 317 Mass. 35 (1944).[2]
3. In short, the plaintiff herein has petitioned this Division to establish a report to which he is not statutorily entitled upon a claim of appeal from findings of fact which would not be reviewable under any circumstances.
The plaintiffs petition is denied, and double costs are hereby ordered pursuant to the provisions of Dist./Mun. Cts. R. Civ. P., Rule 64(i) pertaining to frivolous objections. This case is returned to the Haverhill Division for action consistent with this ruling. So ordered.

 We note, in passing, that in filing a petition to establish, the plaintiff treated the court’s “denial” of his draft report as a disallowance of the same. A denial is customarily deemed tantamount to a draft report dismissal rather than a disallowance. New England Rehab. Hospital v. Horgan, 1980 Mass. App. Div. 115. Further, in light of G.L.C. 218, §23, the court’s denial should have been understood as a Dist/Mun. Cts. R. Civ. P., Rule 64 (c) (6) dismissal of the draft report as statutorily invalid. Given our decision in this matter, however, such procedural noncompliance is not dispositive. •

 In an apparent effort to present a question of law for appellate review, the plaintiff filed a Motion to Expand the Draft Report on July 13,1990, sixty days after the plaintiffs petition to establish. Although the plaintiff thereby sought to include in his draft report the court’s denial of his motion to reconsider and amend judgment, a copy of such reconsideration motion was not even attached to the July 13,1990 motion or otherwise presented to this Division. In any event, there is nothing in the plaintiff’s proposed report which even remotely suggests that the court’s award of damages in this case, much less its refusal to reconsider such damages, constituted an abuse of discretion amounting to an error of law. Bartley v. Phillips, supra, at 3941.