Coven, J.
This is a G.L.c. 90, §34M action to recover Personal Injury Protection (“PIP”) benefits for chiropractic services provided by the plaintiff to the defendant’s insured. Judgment was entered for the plaintiff, and the defendant filed this Dist./Mun. Cts. R. A D. A, Rule 8A expedited appeal of the denial of both its motion for involuntary dismissal and requests for rulings of law.
The expedited appeal indicates that from November, 1993 through March, 1994, the plaintiff-chiropractor treated the defendant’s insured for injuries sustained in a motor vehicle accident. The total cost of such treatment was $2,700.00. All necessary bills, reports and records were submitted to the defendant by April 19,1994. On May 5,1994, the defendant notified the plaintiff that his bills would be submitted to another chiropractor for a records review as permitted by statute. In June, 1994, the defendant paid the plaintiff $1,790.00 for services rendered through January 11, 1994, but made no payment for $980.00 in services provided from January to March, 1994. On October 24, 1994, the defendant notified the plaintiff that the $980.00 in services rendered after January 11, 1994 were not “reasonable and necessary.” This action ensued.
The trial judge made written findings of fact, inter alia, that “the reasonable and necessary medical bills still due and payable after thirty days of completion of the records review is $855.00.” Judgment in that amount, plus interest, costs and attorney’s fees of $1,650.00 was entered for the plaintiff.
1. The sole issue on this appeal is the construction to be given that portion of G.L.c. 90, §34M which provides:
Personal injury protection benefits ... shall be due and payable as loss accrues, upon receipt of reasonable proof of the fact and amount of expenses and loss incurred provided that upon notification of disability from a licensed physician, the insurer shall commence medical payments within ten days or give written notice of its intent not to make such payment, specifying reasons for said nonpayment.With respect to such benefits, ... no insurer shall refuse to pay a bill for medical services submitted by a practitioner registered or licensed under the provisions of c. 112, if such refusal is based solely on a medical review of the bill or of the medical services underlying the bill, which review was requested or conducted by the insurer, unless the insurer has submitted, for medical review, such bill or claim to at least *185 one practitioner registered or licensed under the same section of c. 112 as the practitioner who submitted the bill for medical services. In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed to be a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment. ... [emphasis supplied].
The defendant contends that while PIP payments may be made for medical services provided by a chiropractor duly licensed under G.L.C. 112, the underscored language of §34M first requires, as a condition precedent to such payment, a “notification of disability from a licensed physician.” The defendant argues that the plaintiff thus failed to sustain its burden of proving that the PIP benefits in question herein were “due and payable” because the plaintiff failed to submit an initial “notification of disability” from a physician specifically licensed under G.L.c. 112, s. 2.[2]
There is nothing in §34M itself which supports the defendant’s narrow interpretation of “physician” or which in any way defines that term. Thus the disposi-tive issue on this appeal is whether the Legislature actually intended payment of PIP benefits due to practitioners licensed under c. 112, including the plaintiff-chiropractor here, to be contingent upon a written certification of disability by a G.L.c. 112, §2 “licensed physician” only, or whether the Legislature contemplated a broader definition. The Legislature has been inconsistent, or at best, imprecise, in defining the term “physician” in different statutes. While a number of statutes specify that a “physician” is a person licensed in accordance with the provisions of G.L.c. 112, §2,[3] the words “physicians and dentists” are defined by G.L.c. 233, §79G as including:
chiropodists, chiropractors, optometrists, osteopathy, physical therapists, podiatrists, psychologists and other medical personnel licensed to practice under the laws of the jurisdiction within which such services were rendered [emphasis supplied].
Further confusing the definition of “licensed physician” is G.L.c. HID, §8, wherein the Legislature saw fit to differentiate between “licensed physicians,” “licensed chiropractors,” and “licensed surgeons.” Upon a strict interpretation of that statute, “licensed surgeons” would not be covered as “licensed physicians,” a result which seems logically to be in error.
In the absence of a precise statutory definition, the term “physician” in G.L.c. 90, §34M must be construed in accordance with the underlying purpose *186 of the statute, Flanagan v. Liberty Mut. Ins. Co., 383 Mass. 195, 196 (1981),[4] to expedite insurance payments to injured parties and their medical providers. Section 34M was indeed enacted to “guarantee the prompt payment to those who provide health services in expectation of payment from an insurance company.” Hodnett v. Arbella Mut. Ins. Co., 1996 Mass. App. Div. 131, 132. Under the defendant’s unduly restricted definition of the §34M term “physician,” a dentist, oral surgeon or other c. 112 practitioner who provided necessary medical treatment to an insured injured in an automobile accident would never be entitled to PIP payments unless the practitioner, or the insured, took the additional step and incurred the extra expense of obtaining and filing a disability certificate from a physician licensed under c. 112, §2 prior to submitting any PIP bill or claim to the insurer. As a practical matter, such result would appear to be in complete contravention of the expedited payment and cost reduction purposes of the statutory no-fault insurance scheme. See Creswell v. Medical West Commun. Health Plan, Inc., 419 Mass. 327, 328 (1995); Fascione v. CNA Ins. Companies, 1997 Mass. App. Div. 132, 133.
Finally, we note that the defendant’s position is also inconsistent with an earlier provision of §34M which provides that “[t]he injured person shall submit to physical examinations by physicians necessary to enable die insurer to obtain medical reports and other needed information to assist in determining the amount due.” Under the defendant’s narrow reading of the term “physician,” an insurer would not be permitted to refer an injured party to a chiropractor or dentist for an independent medical examination, regardless of the nature of the injuries or medical expenses which were in question.[5]
In short, §34M does not require a certificate of disability by a medical doctor or physician licensed under G.L.c. 112, §2 as a statutory prerequisite to either the submission of a PIP claim or the insurer’s obligation to pay the same.
The defendant’s appeal is dismissed.
So ordered.

 While the defendant claims that it was not obligated to make any payment for services in the absence of a physician’s certification of disability, the defendant did in fact pay $1,790.00 in PIP benefits to the plaintiff without the certificate it now characterizes as a statutory prerequisite to payment. There is no indication in the expedited appeal that the plaintiff pleaded or raised issues of waiver or estoppel in the trial court. It could be persuasively argued, however, that having made some payments without requiring a physician’s certificate, an insurer should be estopped from relying on the absence of such certificate to deny additional payments to a practitioner, see Milton Ice Co. v. Travelers Indem. Co., 320 Mass. 719, 721 (1947); Fuller v. Home Indem. Co., 318 Mass. 37, 43-44 (1945), particularly where the denial is designed to preclude any future claim for pain and suffering in a subsequent automobile tort action.

 See, e.g„ G.L.C. 46, §1E; c. 93, §71; c. 94D, §1; and c. 176B, §1

 As, the Supreme Judicial Court stated in Flanagan, “ [w] e must look to the statutory language, construing it to arrive at the legislative intent. As we noted in discussing the no-fault law in Mailhot v. Travelers Ins. Co., 375 Mass. 342, 345 (1978), ‘in so large a legislative enterprise, there are likely to be casual overstatements and understatements, half-answers, and gaps in the statutory provisions. As practice develops and the difficulties are revealed, the courts are called on to interweave the statute with decisions answering the difficulties and composing, as far as feasible and reasonable, an harmonious structure faithful to the basic designs and purposes of the Legislature.’” Id. at 196-197.

 To avoid such inconsistency, the defendant suggested at oral argument that an insurer has the authority to waive the statutory requirement of a licensed physician for purposes of either the certification of disability or the independent medical examination. However, the defendant cited no authority for any such waiver.