Merrick, RJ.
Plaintiff Sonogram of New England, Inc. (“Sonogram”) is a New Hampshire corporation engaged in the business of ultrasound tests and, particularly, musculoskeletal diagnosis by means of such tests. The specific ultrasound test here, a sonogram, apparently produces a picture of a body part or organ on a screen by bouncing sound waves off it See Bradford v. Baystate Med. Center, 415 Mass. 202, 210-212 (1993). According to its New Hampshire Articles of Organization, Sonogram was established to “provide the service of diagnostic musculoskel-etal ultrasound.” Those Articles state that the corporation vtill not read or diagnose, but will subcontract those functions out to a board certified radiologist
Sonogram also does business in Massachusetts and has, therefore, filed with the Secretary of the Commonwealth a G.L.c. 181, §4 “foreign corporation certificate.” That certificate states that Sonogram’s business in Massachusetts is “Diagnostic Musculoskeletal Ultrasound” and that the “Corporation is not engaged in any activity which constitutes the practice of medicine as regulated by the Board of Registration in Medicine nor does the Corporation provide licensed services.”[1]
Upon a written referral from a Massachusetts licensed chiropractor, Sonogram performed ultrasound diagnostic testing on Leonora Deleon, who had Personal Injury Protection (TIP”) coverage under a Massachusetts standard automobile insurance policy which she purchased from defendant Arnica Mutual Insurance Company (“Arnica”).[2] Sonogram’s claim for payment for its services under Deleon’s PIP coverage was denied by Arnica.
Sonogram brought this action as an “unpaid party” under G.L.c. 90, §34M to recover PIP payments for its services, plus attorney’s fees and costs. Arnica moved for summary judgment on the grounds that (1) Sonogram is collaterally estopped from maintaining this action; (2) diagnostic tests other than x-rays are not included in the G.L.c. 90, §34A list of items covered by PIP; (3) Sonogram is not licensed to provide “medical services” and may not therefore, maintain an action under §34M; and (4) the tests in question were not medically necessary in this case because the use of the procedure is inappropriate during the acute stage of an injury.
*147 The judge granted summary judgment on the specific ground that while he disagreed with the decisions of other courts, he felt compelled to follow them on the basis of issue preclusion. Sonogram filed this Dist./Mun. Cts. R A D. A, Rule 8C, appeal.
Sonogram contends that the issues of whether the ultrasound tests are medical expenses compensable under PIP coverage and whether Sonogram may be an “unpaid party” permitted to bring suit directly under the coverage were not necessarily resolved in another case brought by Sonogram, and that Sonogram is thus not collaterally estopped from litigating them further.
Certainly it is true that “[a] fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a ‘right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies.’” Fidler v. E.M. Parker Co., 394 Mass. 534, 539 (1985). “[0]ne not a party to the first action may use a judgment in that action defensively against a party who was a plaintiff in the first action on the issues which the judgment decided.” Id. at 541. “Thus the doctrine of collateral estoppel, also known as issue preclusion, does not require mutuality of parties, so long as there is an identity of issues, a finding adverse to the party against whom it is being asserted, and a judgment by a court or tribunal of competent jurisdiction.” Miles v. Aetna Casualty & Surety Co., 412 Mass. 424, 427 (1992). “Factors supporting the conclusion that a decision is final for the purpose of preclusion are that the parties were fully heard, the judge’s decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed.” Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 149 (1988).
The rule is said to be applied “even though the determination was reached upon an erroneous view or by an erroneous application of the law.” United States v. Moser, 266 U.S. 236, 242 (1924). “The Restatement provides, however, for an exception to the general rule of issue preclusion when ‘[t]he issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws....’” Fidler v. E.M. Parker Co., supra at 544, quoting RESTATEMENT (SECOND) OF JUDGMENTS §28(2) (1982). Before issue preclusion is used to bind a party, it must be considered whether “other circumstances justify affording him an opportunity to relitigate the issue.” Id. at 541, quoting RESTATEMENT (SECOND) OF JUDGMENTS §29 (1982).
We apply these standards to the prior decision of Sonogram of New England, Inc. v. Premier Insurance Company (the “Salem case”) which, Arnica argues, estops Sonogram from litigating the present action. As in this action, Sonogram sought in the Salem case to recover PIP benefits for ultrasound diagnostic tests it performed for a chiropractor who was treating Premier’s insured. Premier prevailed on a motion for summary judgment, which set forth the following three grounds: that “high tech diagnostic” testing was not compensable under G.Lc. 90, §34A because x-rays are the only diagnostic test or procedure covered under the statute; that sonogram was not a licensed medical provider and could not, therefore, file a claim under §34M for PIP benefits; and that the ultrasound tests performed by Sonogram were not medically necessary in that particular case. The judge’s decision in the Salem case stated only “ALLOWED after hearing and review of pleadings, memoranda, affidavits and exhibits.” The summary judgment ruling did not specify the ground on which it was made.
Premier’s brief in the Salem case asserted that “[i]n this case there has been no competent evidence that the sonogram at issue was medically necessary in regard to the diagnosis or treatment of the patient” That suggests that the Salem case *148 may have turned on nothing more than the facts peculiar to the injury and treatment of the particular patient involved there. The issue of whether the sonogram or ultrasound is a “medical service” within the definition of “Personal Injury Protection” in §34A was not essential to the decision in that case and not necessarily decided. In short, the decision in the Salem case is not a “reasoned opinion” in the sense that one cannot determine upon which of the argued grounds it was based. It was error, therefore, to give preclusive effect in the present case to the Salem case decision.
Accordingly, the trial court’s allowance of Arnica’s summary judgment motion on the ground of collateral estoppel is reversed and vacated.[3]
So ordered.

 It is of no significance that the statement in this sentence was inserted at the insistence of the Secretary of the Commonwealth. Sonogram does not suggest it is not true.

 The defendant was originally named as Arnica Insurance Company, but its affidavit states it is Arnica Mutual Insurance Company and both parties now refer to it as such. The complaint, however, has never been amended.

 While our ruling that summary judgment should have been denied on the basis of issue preclusion would not prevent our consideration of the additional grounds for summary judgment advanced by Arnica and not decided by the motion judge, see Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995), we decline to do so in this case. The reason is that we have reviewed the very same summary judgment grounds as they were argued by the insurer and considered by the motion judge in the following case of Sonogram of New England, Inc. v. Plymouth Rock Assurance Group, 2002 Mass. App. Div. 148, which we also decide this date.