Brennan, J.
Aggrieved by the allowance of Defendant’s Motion to Dismiss Plaintiff’s Appeal and the denial of Plaintiff’s Motion to Deny the Defendants Motion to Dismiss Plaintiff’s Appeal Richard Maher, Jr. (hereinafter, the plaintiff/appellant) filed this expedited appeal pursuant to Rule 8A of the District/Municipal Courts Rules for Appellate Division Appeal.
The facts necessary for an understanding of this matter are as follows:
On or about February 14,2002 plaintiff/appellant was the owner of a motorcycle. While the plaintiff/appellants brother was operating the motorcycle he was involved in an accident in which the subject motorcycle sustained damage. Plaintiff/ appellant filed a claim against Metropolitan Property and Casualty Insurance Company (hereinafter defendant/appellee). After investigation this claim was denied by defendant/appellee. Plaintiff/appellant filed a small claims action in the District Court against defendant/appellee. Thereafter, defendant/appellee filed a Motion to Transfer to the Civil Docket. This motion was allowed and the matter was transferred to the civil session of the District Court. Plaintiff/appellant filed an appeal to this ruling and defendant/appellee filed a Motion to Dismiss Plaintiff’s Appeal.
On July 15, 2003 the Defendant’s Motion to Dismiss Plaintiff’s Appeal was allowed and the Plaintiff’s Motion to Deny Defendant’s Motion to Dismiss Plaintiff’s Appeal was denied. Plaintiff/appellant then filed his expedited appeal pursuant to Rule 8A of the District/Municipal Rules for Appellate Division Appeal.
In his Motion to Dismiss Plaintiff’s Appeal defendant/appellee asserts that Rule 10 of the Uniform Small Claims Rules does not permit a plaintiff who brings an action in the small claims division to claim an appeal of this nature. Defendant/ appellee further asserts that the appeal must be dismissed as the motion is untimely in that there is no final judgment. The actual claim has never been heard.
G.L.c. 218, §24 provides that
The court may, in its discretion, transfer a cause begun under the (small claim) procedure to the regular civil docket for formal hearing and determination as though it had begun by summons and complaint, and may impose terms upon such transfer.
In addition, G.L.c. 218, §23 provides that
No party to a cause under this procedure shall be entitled to a report. If the court is of the opinion that a question of law requires review, it may submit the matter, in the form of a report of a case stated, to the appellate division.
*118 Analyzing the pros and cons of proceeding in the small claims division the court has explained that
While there may be good reasons for a plaintiff to choose to bring his case as a small claims action there are several reasons why he may not... the plaintiff runs the risk of never having the matter heard by a judge, let alone a jury. The matter will initially be heard by a clerk magistrate. If the clerk finds against the plaintiff, he has not further redress. If the plaintiff prevails, the defendant has a right of appeal to the district court’s jury session. There is no further right of appeal. ... Finally, a plaintiff who, despite these disadvantages, still elects to bring a small claims case may find the case transferred, over his or her objection, to the regular civil docket at the opposing party’s request. Moon v. Trust Insurance Co., 2000 Mass. App. Div. 89; Daum v. Delta Airlines, Inc., 396 Mass. 1013 (1986).
In the present case plaintiff/appellant chose to file a small claims action. Pursuant to G.L.c. 218, §24 the defendant/appellee requested that the action be transferred to the regular civil docket. Acting within its discretion pursuant to G.L.c. 218, §24 the court allowed the motion of the defendant/appellee. There was no abuse of discretion either alleged or substantiated in the allowance of this motion.
Further, plaintiff/appellant is not entitled to bring this matter to the Appellate Division for review as it is well established that no individual party to a cause is entitled to a report to the Appellate Division. The court is entitled to submit matters in the form of a report to the Appellate Division.
For the above reasons, the appeal is dismissed.