Miller, J.
The defendant in this matter, James R. Kelly (“Defendant Kelly”), filed this appeal pursuant to Dist/Mun. Cts. R.A.D A, Rule 8C. Defendant Kelly asserts that the motion judge made an error of law and abused his discretion by denying his motion to vacate the default judgment that had been entered against him in favor of the plaintiff, James Kelly (“Plaintiff Kelly”). Defendant Kelly made the motion to remove the default pursuant to Mass. Civ. E, Rule 60(b) (1), (3) and (6). There was no error committed.
Plaintiff Kelly, the father of Defendant Kelly, originally brought this action against Defendant Kelly seeking damages for conversion, trespass, intentional infliction of emotional distress, and imposition of a constructive trust for the alleged misappropriation of Plaintiff Kelly’s funds by Defendant Kelly. In his complaint, Plaintiff Kelly alleged that Defendant Kelly had used the proceeds from the sale of Plaintiff Kelly’s home to purchase property in Defendant Kelly’s name only, had failed to turn over the contents of a bank account held for Plaintiff and had inappropriately maintained control over other personal property belonging to Plaintiff. The complaint was filed *263 in the Boston Municipal Court on April 10, 2003. On May 1, 2003, Defendant Kelly, acting pro se, filed a one-sentence answer denying all allegations. For the next three and a half years, there was no in movement in the case by either party.
On October 24, 2006, Plaintiff Kelly filed a motion for default judgment. The motion, however, was removed from the list on November 3, 2006 when neither party appeared for the hearing. Pursuant to an agreement between the plaintiff and the defendant, the mandatory pretrial conference, originally scheduled for December 7, 2006, was continued until February 22, 2007. On February 22, 2007, only Plaintiff Kelly appeared for the pretrial conference; Defendant Kelly failed to appear. As a result of Defendant Kelly’s failure to appear at the pretrial conference the court entered a default judgment against Defendant Kelly on February 23,2007.
On July 16, 2007, Plaintiff Kelly filed an Application for the Assessment of Damages pursuant to Mass. R. Civ. R, Rule 55(b) (4). Notice of a hearing for the purpose of assessing damages was sent to both parties, scheduling the hearing for July 25,2007, but the notation was taken off the list at plaintiffs request. On July 30,2007, Plaintiff Kelly subsequently filed another Application of Damages pursuant to Mass. R. Civ. P, Rule 55 (b) (4). The new damages hearing was scheduled to September 12, 2007. Notice of the rescheduling was sent to Defendant Kelly. On September 12, 2007, the Court held a hearing on the assessment of damages. Defendant Kelly failed to appear. On that date, the court assessed damages in the amount of $290,000 against Defendant Kelly.
On October 26, 2007, Plaintiff Kelly filed a Motion for Clarification of Money Judgment and Interest, which was scheduled for November 7, 2007. Again, the defendant did not attend the hearing. On November 13, 2007, the court issued a Judgment by Default Upon Assessment of Damages by the Court pursuant to Mass. R. Civ. P., Rule 55(b) (4), in the amount of $449,696. Execution of the judgment was issued on November 25,2007.
On February 5 and 6, 2008, Defendant Kelly, represented by counsel for the first time in the matter, moved for relief from judgment on the grounds of excusable neglect, Mass. R. Civ. R, Rule 60(1), misconduct of an adverse party, Mass. R. Civ. R, Rule 60(3), and other grounds justifying relief, Mass. R. Civ. R, Rule 60(6). He also filed a Motion for Stay of Proceedings to Enforce a Judgment. Through these motions and his affidavit, Defendant Kelly offered an explanation for his failure to attend all prior court events.
Defendant Kelly alleged that after he had been defaulted on February 23, 2007, he had reconciled with Plaintiff Kelly and was told by the Plaintiff that the facts in the complaint were not true and that the Plaintiff would ensure that the case would "go away.” Defendant Kelly’s Affidavit, Paragraphs 30 and 32. Defendant Kelly further alleged that after damages had been assessed in September, 2007, he and Plaintiff Kelly went to see Plaintiff’s attorney in October 2007, and that while there Plaintiff Kelly told Defendant Kelly that he wanted to dismiss his lawsuit. Defendant Kelly’s Affidavit, Paragraph 33. Plaintiff Kelly vigorously denied these allegations. According to Plaintiff Kelly, he never told Defendant Kelly that the facts in his complaint were untrue or that he wanted to dismiss the case. Plaintiff Kelly’s Affidavit, paragraphs 6-8.
On February 15,2008, the court held a hearing on the motion to vacate and granted the parties leave to submit further briefs or memoranda. The motion judge *264 reserved ruling on Defendant Kelly’s motion to stay until the court’s disposition of the motion to vacate. On November 18, 2008, the court denied Defendant Kelly’s Motion for Relief from judgment pursuant to Mass. R. Civ. R, Rule 60(b) (1), (3) and (6) and his Motion for Stay of Proceedings to Enforce a Judgment.
On November 24, 2008, the defendant filed a notice of appeal. In his statement of issues on appeal, the defendant raised one issue: whether the trial judge abused his discretion or committed an error of law in denying defendant’s Motion for Relief from Judgment pursuant to Mass. R. Civ. P., Rule 60(b).
Under Mass. R. Civ. R, Rule 60 (b), “the court may relieve a party or his legal representative from a final judgment, order or proceeding for — (1) mistake, inadvertence, surprise or excusable neglect; (3) fraud ...; misrepresentation, or other misconduct of an adverse party; or (6) any reason justifying relief from the operation of the judgment.” A ruling on a motion under Mass. R. Civ. R, Rule 60(b) is addressed to the discretion of the Court. Bird v. Ross, 393 Mass. 789, 791 (1985). The denial of a motion under Mass. R. Civ. P., Rule 60(b) will be reversed on appeal “only on a clear showing of an abuse of discretion.” Wang v. Niakaros, 67 Mass. App. Ct. 166, 169 (2006). A judge has abused his discretion when his decision “has been characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice.” Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986). Further, “the majority of cases decided under rule 60(b) since its adoption in the Commonwealth have shown a marked deference to the decision reached by the lower court judges reflecting... a policy that the judges in the motion and assignment sessions are in the best position to assess the merits of requests for this type of relief under the requirements of balancing efficient case flow with the litigants’ rights to a trial on the merits.” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 435 (1979). Therefore, in reviewing the motion judge’s denial of the motion to vacate the default judgment, we necessarily operate with clear deference to his exercise of discretion under Mass. R. Civ. R, Rule 60(b).
With this standard of review in mind, we begin our examination of the motion judge’s decision to deny relief from judgment. Defendant Kelly first complains that the motion judge erred in finding a lack of credibility based on affidavits alone. Pursuant to Mass. R Civ. R, Rule 43(e), “when a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties.” Defendant Kelly did not request an evidentiary hearing, and, under the circumstances of this case, in which the credibility determination related to the decision not to vacate the underlying default, the motion judge was not compelled to hold an evidentiary hearing. See Bissanti Design/Build Group v. McClay, 32 Mass. App. Ct. 469, 470 (1992) (hearing required when credibility impacted amount of damages, not enforcement of default itself). It cannot be said that the judge abused his discretion by choosing not to hold a noncompulsory hearing.
Defendant Kelly next complains that the motion judge should have made more complete findings. While detailed findings would be helpful for the purposes of appellate review, they are not necessary in the light of the applicable rules of civil procedure. The action taken was on a motion pursuant to Mass. R. Civ. R, Rule 60(b). Under Mass. R. Civ. R, Rule 52 (a), findings of fact and conclusions of law are unnecessary in support of decisions on motions other than as provided under particular circumstances that were not present in this case. See Greenleaf v. Massachusetts Bay *265 Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986); Mass. R. Civ. P., Rule 41(b) (2).
In addition, Defendant Kelly argues that the motion judge committed reversible error in failing to address the factors enunciated in Berube regarding the disposition of motions pursuant to Mass R. Civ. R, Rule 60(b)(1). Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 435 (1979). Nowhere, however, in the court’s decision in Berube did they hold that a motion judge must address each actor within the four corners of his written decision. Id Given the complete lack of evidence in the record that the motion judge failed to consider the Berube factor in reaching his determination, there is no basis for classifying his silence as reversible error.
Thus, the Court is dealing with a situation in which a motion judge, after hearing a matter on affidavits pursuant to Mass. R. Civ. R, Rule 43(e), ruled that Defendant Kelly’s failure to defend did not arise from excusable neglect or from the actions of Plaintiff Kelly and that Defendant Kelly was not entitled to relief from judgment pursuant to Mass. Civ. R, Rule 60(b) (1), (3) and/or (6). Defendant Kelly has pointed to nothing about the motion judge’s ruling that rises to the level of “[an] arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice.” Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986). Given our deference to trial court judges when it comes to assessing the merits of requests for relief, we accordingly discern no abuse of discretion.
Order denying motion for relief from judgment is AFFIRMED.
So ordered.