Hand, J.
Defendant Joseph L. Matthews (“Matthews”) has appealed the District Court’s denial of his Mass. R. Civ. R, Rule 60(b) (6), motion to vacate the judgment entered against him and in favor of plaintiff Household Finance Corporation II (“Household Finance”). For the reasons stated below, we affirm the denial of Matthews’ motion.
Household Finance filed this suit against Matthews in 2004, alleging that Matthews had defaulted on a line of credit. The complaint did not specify the date of the alleged default. Matthews failed to answer the complaint, and a default judgment was entered against him on September 2, 2004, with prejudgment interest calculated from May 3, 2004, the date on which the complaint was filed.
In November, 2004, the trial court allowed Household Finance’s motion to amend the judgment to reflect prejudgment interest calculated from December 2, 1997, which Household Finance then claimed as the date of breach, to August 4, 2004.[1] The parties were notified of that decision. In 2005, having perhaps recognized the statute of limitations issue raised by the amended judgment, Household Finance again moved to amend the judgment, this time to recalculate interest from May 20, 2003 ■— a date within the statute of limitations — to December 2, 2004. This motion, too, was allowed, with notice to the parties. The final amended judgment was entered on July 6, 2005. Execution was issued against Matthews on the same date.
Matthews made payments on the judgment between 2004 and 2008. In August, 2010, when the parties were unable to agree on whether Matthews’ total payments had satisfied the judgment, Household Finance instituted a trustee process action in an effort to collect the disputed amount. On September 23, 2010, shortly after Household Finance’s motion to charge the trustee was allowed, but more than five *138 years after the entry of the judgment itself, Matthews moved pursuant to Rule 60(b)(6) to vacate the judgment, arguing Household Finance’s fraud, misconduct, and misrepresentation. The District Court denied Matthews’ motion,[2] and this appeal followed.
The allowance or denial of a Rule 60(b) motion to vacate a judgment is within the discretion of the trial judge. Noya v. Lord, 2008 Mass. App. Div. 284, 285, citing Bird v. Ross, 393 Mass. 789, 791 (1985), and Riley v. Davison Constr. Co., 381 Mass. 432, 441-442 (1980). We review the trial court’s ruling for a clear abuse of that discretion. Trustees of Stigmatine Fathers, Inc. v. Secretary of Admin. & Fin., 369 Mass. 562, 565 (1976). In the context of judicial rulings on motions under Rule 60(b), “abuse of discretion” is marked by “arbitrary determination, capricious disposition, or whimsical thinking.” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 433 (1979), quoting Davis v. Boston Elevated Ry., 235 Mass. 482, 496 (1920).
Rule 60(b) sets out six grounds on which “the court may relieve a party... from a final judgment”:
(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or. other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
Id. The rule makes the following separate provision for motions to vacate premised on “fraud upon the court”:
This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.
In this case, Matthews relies exclusively on subsection (6) of the rule, often termed the “catch-all provision.” See, e.g., Jones v. Boykan, 464 Mass. 285, 290 (2013). Relief from judgment under this provision is available only if it is justified on grounds other than those enumerated in Rule 60(b) (1) through (5), and “is only to be awarded in ‘extraordinary circumstances.’” M.B. Claff, Inc. v. Massachusetts Bay Transp. Auth., 441 Mass. 596, 603 (2004), quoting Sahin v. Sahin, 435 Mass. 396, 406 (2001).
*139 Here, Matthews’ motion to vacate is premised on his argument that in each of its motions to amend the judgment against him, Household Finance fraudulently manipulated the date of the alleged breach of contract from which the judgment arose to further self-serving ends, namely, increasing the amount of the judgment, bringing the judgment within the applicable statute of limitations, or both.
As stated, Rule 60(b) (6), on which Matthews relies, applies only to situations in which relief is not available on any of the other grounds enumerated in Rule 60(b). As Matthews’ allegations could have been addressed through a motion to vacate under Rule 60(b) (3), on the grounds of “fraud ..., misrepresentation, or other misconduct of an adverse party,” he was limited to that remedy, and was bound by the requirement that he file his motion to vacate within a year of the judgment at issue. See Resmini v. M.J.M. Assocs., Inc., 2005 Mass. App. Div. 76, 78 (motion to vacate pursuant to Rule 60(b)(3) must be brought no later than one year after judgment). Matthews did not meet this deadline.
To avoid the nondiscretionary one-year filing deadline applicable to Rule 60(b) (3) motions premised on fraud, Matthews argues that the fraud alleged in his case is not the type to which subsection (3) applies. Specifically, Matthews contends that for the purposes of subsection (3), “fraud” is narrowly defined and limited to instances of fraud on the court involving corruption of the judicial process. This view is not supported by the wording of the rule itself, or by our cases.
The language of Rule 60(b) distinguishes between the “fraud..., misrepresentation, or other conduct of an adverse party,” addressed by subsection (3), and “fraud upon the court,” addressed in section (b) after the enumerated reasons (1) through (6), by making the fraud addressed in subsection (3) subject to a one-year limit on filing, but making an explicit exception for “fraud upon the court” from that same time limit. Mass. R. Civ. R, Rule 60(b) (“This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.”). In interpreting rules of civil procedure, the court reads the rule ‘““so that effect is given to all its provisions, so that no part will be inoperative or superfluous.’” Bankers Life & Cas. Co. v. Commissioner of Ins., 427 Mass. 136, 140 (1998), quoting 2A B. SINGER, SUTHERLAND STATUTORY CONSTRUCTION §46.06 (5th ed. 1992).” Boston Police Patrolmen’s Ass’n v. Police Dep’t, 446 Mass. 46, 50 (2006) (discussing construction of statutes). ‘The words of the [rule] ‘should be read as a whole to produce an internal consistency.’ Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 316 (1991). In addition, it is ‘not proper to confine interpretation to the one section to be construed.’ 2A N.J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION §46.05, at 154 (6th ed. 2000).” Id. Reading Rule 60(b)(3), with its time limit, as limiting the “fraud” to which it applied to the same “fraud upon the court” explicitly exempted from that time limit would produce an inconsistent result. We reject this interpretation.
Further, our cases support the proposition that where a motion to vacate pursuant to Rule 60(b) (3) is filed timely, “fraud” has its plain meaning. Cf. Maillet v. Maillet, 64 Mass. App. Ct. 683, 690 n.13 (2005), citing Sahin v. Sahin, 435 Mass. 396, 401-403 *140 (2001) (where motion to vacate is filed more than a year after entry of judgment, movant must show “more than fraud”).[3]
In this case, the alleged fraud occurred and was known to Matthews each time the court notified Matthews of the allowance of Household Finance’s motions to amend the judgment in the case; these notices were given well before the one-year anniversary of each amended judgment. As Matthews had an avenue for relief under Rule 60(b)(3), but failed to meet the one-year deadline imposed by the rule, the court could not properly have allowed his motion to vacate the judgment pursuant to Rule 60(b) (6), the rule’s “catch-all provision.” Bromfield v. Commonwealth, 400 Mass. 254, 256 (1987), citing Bird, supra at 791, and Chavoor v. Lewis, 383 Mass. 801, 805 806 (1981) (“Relief from judgment may not be granted under rule 60(b) (6) unless the reason relied on is not a possible ground for relief under rule 60(b) (l)-(5).”).
As the court could not allow Matthew’s untimely motion to vacate in this case, there was obviously no abuse of discretion in the judge’s denial of the motion. We affirm that decision.
So ordered.

 The fact that the December 2, 1997 date of breach was beyond the applicable statute of limitations does not appear to have been brought to the court’s attention when the motion was heard.

 The judge was not required to provide specific grounds for the denial, Kelley v. Kelley, 2010 Mass. App. Div. 262, 264 (findings of fact not required in ruling on motion to vacate judgment), and did not do so.

 On the record before us, Household Finance’s conduct in moving to amend the judgments in the case do not, even as Matthews characterizes them, constitute “fraud upon the court.” “‘A “fraud on the court” occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party’s claim or defense.’ Rockdale Mgt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (1994), quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989).” Munshani v. Signal Lake Venture Fund II, LP, 60 Mass. App. Ct. 714, 718 (2004). This “most egregious misconduct,” id. at 718, has been found where a litigant fabricated e-mail and submitted false affidavits, then maintained an “additional charade, attempting to hide the fabrication,” id. at 719, and in cases involving ‘“bribery of judges, employment of counsel to “influence” the court, [and] involvement of an attorney (an officer of the court) in the perpetration of fraud.’ Matter of the Trusts Under the Will of Crabtree, 449 Mass. 128, 149 (2009), quoting MacDonald v. MacDonald, 402 Mass. 196, 202 (1990).” Mt. Ivy Press, L.P. v. Defonseca, 78 Mass. App. Ct. 340, 349 (2010). “[F]raud on the court cannot ‘embrace Oust] any conduct of an adverse party of which the court disapproves; to do so would render meaningless the one-year limitation on motions [brought] under [Rule] 60(b) (3).’” Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 184-185 (1990), quoting Kupferman v. Consolidated Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972). “[N]ot all fraud is fraud on the court.” Id. at 185, citing 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE §2870, at 253 (1973). The conduct at issue here, if it were fraud, is not of the corrupting variety denominated “fraud on the court.”