Greco, P.J.
This matter comes to us by way of a report submitted by the Presiding Justice of the Newton District Court pursuant to G.L.c. 218, §23, G.L.c. 231, §108, and Rule 5 of the District/Municipal Courts Rules for Appellate Division Appeal.
The plaintiff, Fred Chanowski, filed a small claims action against Sam Bourne, the president of Castle Wood Floors, Inc. The clerk-magistrate found for the plaintiff, and judgment entered. The defendant, Castle Wood Floors, Inc., sought an appeal for a trial “by a jury of six persons.” That request was denied by the judge, who noted that the defendant had failed to present “questions of fact and law” (emphasis in original). The defendant’s subsequent motion for reconsideration was also denied.
Section 23 of G.L.c. 218 provides that a plaintiff who brings a small claims case is “deemed to have waived a trial by jury and any right of appeal to a jury of six session in the district court department.” However, if the defendant sought the appeal, “the plaintiff shall have the same right to claim a trial by a jury of six.” Id. On the other hand, “the defendant may, within ten days after receipt of the magistrate’s finding, file in the court where the cause was determined a claim of trial by jury, or in the alternative for a trial before a single justice and shall file his affidavit that there are questions of law and fact in the cause requiring a trial by jury or a single justice....” Id. See also Zullo v. Culik Law P.C., 467 Mass. 1009 (2014).
Finally, “[ijf the court is of the opinion [in a small claims case] that a question of law requires review, it may submit the matter, in the form of a report of a case stated, to the Appellate Division. A voluntary report is restricted solely to questions of law; questions of fact or discretion may not be reported. In order to satisfy the ‘case stated’ requirement, the report must contain a statement or agreement of all relevant facts upon which the legal issues are based” (citation omitted). M.G. PERLIN & J.M. CONNORS, HANDBOOK OF CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURT §15.80 (4th ed. 2009).
The judge in this case submitted the following report:
On a timely filed Small Claims appeal to a judge or a jury of six persons pursuant to G.L.c. 218, §23, is the Court required to schedule the case for *138 trial where the defendant, in his/her affidavit, fails to set forth ‘that there are questions of law and fact... with the specifications thereof....’ [emphasis supplied] (Para. 3). Section 23, paragraph 7, provides that following the filing of a claim of appeal the ‘clerk shall forthwith transmit such original papers ... [to the court where] ... the cause may be marked for trial. ...’ [emphasis supplied].
The judge’s report stated that the matter was initially before a clerk-magistrate, who denied the defendant’s motion for judgment on the pleadings and thereafter issued a judgment for the plaintiff. The defendant thereupon requested a six-person jury trial. Eleven days later, the judge denied the request without a hearing on the ground that the defendant had “failed to set forth required ‘questions of fact and law'” (emphasis in original). The defendant then filed a motion for reconsideration and a “Revised Claim of Appeal,” both of which were denied without a hearing. However, in the “Revised Claim of Appeal,” signed under the penalties of perjury, the defendant sought a trial “by a District Court jury of six persons.” On that claim, the defendant stated various facts that were in dispute, to wit: (1) whether the “defendant received any notice of an issue of damages”; (2) “who or what caused the alleged damages”; (3) what was “the actual cost to fix the alleged issue”; and finally (4) what “was the remedy to correct any alleged damage,” which sounds more akin to a mixed question of law and fact.
Based upon the above, and in circumstances of this case, we conclude that the defendant is entitled to have a trial before a jury of six and, accordingly, remand the case to the trial court.
So ordered.