Williams, P.J.
The goal of small claims procedure to supply the “just, speedy and inexpensive determination”[3] of such actions has proved illusory in this 2011 case. The parties here — John S. Davagian, II, Esq., d/b/a Davagian & Associates (“Davagian”), and Thomas C. Pappas, d/b/a Cape Cod Builders, Inc., f/k/a Cape Cod Builders & General Contracting, Inc. (“Pappas”) — have briefed several issues concerning the potential liability of Pappas, individually, for a judgment entered in a small claims case. This appeal comes to us in the now rare form of a report from a judge, pursuant to Dist./Mun. Cts. R. A. D. A., Rule 5.[4] Based upon our review of the issues conjured by the report, we find that denying Pappas’s motion to void the judgment was an error of law, and we return the action to the Falmouth District Court with an order directing the reinstatement of the original judgment against the defaulted corporate defendant only.
The path of appeal to this Appellate Division from small claims actions is narrow: the only such viable appeal is a “report” from a judge. E.g., Christopher v. Porter, 450 Mass. 1007, 1008 (2007), quoting Eresian v. Hall, 442 Mass. 1022, 1023 (2004). There is no right to claim an appeal on questions of law to this Division. G.L.c. 218, §23. See Chanowski v. Bourne, 2014 Mass. App. Div. 137; Maher v. Metropolitan Prop. & Cas. Co., 2004 Mass. App. Div. 117, 118; DiPietro v. Clark, 1990 Mass. App. Div. 200. *227 Pursuant to the “report” procedure, if a judge decides that a question of law requires review in the Appellate Division, he or she may submit that question in the form of a report of a case stated. G.L.c. 218, §23; Dist./Mun. Cts. R. A. D. A., Rule 5. Such a report is “restricted solely to questions of law; questions of fact or discretion may not be reported.” Chanowski, supra, quoting M.G. PERLIN & J.M. CONNORS, CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURT §15.80, at 527 (4th ed. 2009). “In order to satisfy the ‘case stated’ requirement, the report must contain a statement or agreement of all relevant facts upon which the legal issues are based.” Id., quoting PERLIN & CONNORS, supra. See also Younis v. Mario Musto Corp., 1979 Mass. App. Div. 240, 243-244.
The reported issue here concerns the availability of appeal to this Division from a motion ruling in a small claims action.[5] The reported question is: “Can there be an appeal from a Judges denial [sic] in a Small Claims case to declare a prior judgment void?” The motion judge went on to provide some background. Paraphrased, that history recited that Davagian filed this small claims action in May, 2011 against the corporate defendant, which defaulted in July, 2011. Nearly two years later, in May, 2013, the trial judge heard and denied a motion to “void” that judgment on two bases: “the only appeal in small claims actions by a defendant is to a trial by jury of six or a trial by judge,” and secondly, the default judgment was nearly two years old.[6]
*228 We consider the report through the lens suggested in Sonogram of New England, Inc. v. Plymouth Rock Assur. Corp., 2002 Mass. App. Div. 148, and so we proceed to review the report so as to “encompass[] all grounds advanced by [Pappas] in [his] motion... and all issues relevant to the judge’s denial of that motion.” Id. at 149 n.l. “The reason is that Rule 5 authorizes the report of a decision or ruling to this Division rather than merely the report of a single issue arising from that decision or ruling.” Id. Thus, we address the issue underlying the subject matter of the motion referred to in the report, which concerns Pappas’s potential individual liability.
Pappas appeals from the denial in May, 2013 of his motion to declare the judgment against him void. That motion must be seen as one made further to Rule 8 of the Uniform Small Claims Rules for relief from judgment.[7] Although the Massachusetts Rules of Civil Procedure, including Rule 60 (relief from judgment) “do not apply to small claims, case law applying [them] may appropriately guide a clerk-magistrate or judge’s discretion in granting relief from judgment in a small claim.” Commentary to Small Claims Standard 7:06. (Standard 7:06 suggests that “[t]he court should exercise with caution the discretion to grant relief from judgment.”) Resolution of a motion for relief from judgment is within the sound discretion of the trial judge. See, e.g., Household Finance Corp. II v. Matthews, 2013 Mass. App. Div. 137, 138, and cases cited. Consequently, we review such a ruling for a clear abuse of that discretion. Id. “Abuse of discretion” in this context is characterized by “arbitrary determination, capricious disposition, or whimsical thinking.” Id., quoting Davis v. Boston Elevated Ry. Co., 235 Mass. 482, 496 (1920). See also Wells Fargo Bank, N.A. v. Okamura, 2014 Mass. App. Div. 42, 43, and cases cited. Additionally, we “[would] show marked deference to the lower court’s resolution of such a motion.” Gaskins v. Roden, No. 13-P-1283 (Mass. App. Ct. Aug. 19, 2014) (unpublished 1:28 decision), quoting Cullen Enters. v. Massachusetts Prop. Ins. Underwriting Ass’n, 399 Mass. 886, 894 (1987).
Despite those strictures, we are constrained to find that adding Pappas as a party defendant without adequate notice to him was error as a matter of law.
Here, Davagian moved in September, 2012 to amend the July, 2011 judgment to include Pappas as a defendant. That motion acknowledged there had been “a gap in the continuity” between complaint, various rulings, and the judgment — recognition, in short, that Pappas had not been named as a party defendant in the action, filed some 16 months earlier. The motion purported to provide notice to Pappas at a Bourne address. Davagian characterized the motion as “an administrative matter” and sought a ruling “without a formal hearing.” But Davagian suggested that if the court “fe [It] that a hearing is necessary,” he requested it be held on the same date as a scheduled payment review hearing. The clerk-magistrate allowed the motion “forthwith without a hearing” on September 17, 2012, on the ground that a “similar motion to amend defendant name [had been] previously allowed.” The amended judgment that included Pappas entered on September 26, 2012. Present counsel for Pappas appeared in October, and moved for a reconsideration of the allowance of the motion to amend and for relief from judgment.
*229 Although Pappas’s attention to this matter was desultory, the fact remains he was not a party throughout the life of the case until made one some 14 months after the original judgment had entered. The key motion here — the one that finally sought to name Pappas as a defendant and, thus, personally liable on the judgment — was allowed “forthwith” without a hearing and, therefore, without providing him an opportunity to be heard and to defend.
As this Division noted in Musi v. Gloucester Boat Bldg. Co., 2013 Mass. App. Div. 18, 22, the United States Supreme Court considered in Nelson v. Adams USA, Inc., 529 U.S. 460 (2000) a proposed amendment to an order made to a corporation to pay attorney’s fees, which amendment would add the president and sole shareholder of the corporation as a party so as to subject him to that liability. The Supreme Court found that adding an officer as a party was improper because it “did not provide an adequate opportunity [for the individual] to defend against the imposition of liability.” Id. at 466. The Nelson Court went on: “Even when an amendment relates back to the original date of pleading ..., the relation back cannot, consistently with due process, deny a party all opportunity to be heard in response to the amendment.” Id. at 467 n.1. Cf. Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 551-552 (2010) (concerning relation back in cases involving “mistake”).
Despite the fact that this small claims action is already nearly three and one-half years old and the battleground for more motion practice than many civil docket actions, we conclude that Pappas was deprived of a meaningful opportunity to defend himself against the imposition of individual liability and thus deprived of his due process rights.
Realizing that new litigation against Pappas might hereby be engendered, we return this action to the Falmouth District Court with an order directing that the original judgment against only the defaulted corporate defendant be reinstated.
So ordered.

 Rule 1 of the Uniform Small Claims Rules.

 Rule 5 of the District/Municipal Courts Rules for Appellate Division Appeal provides, in pertinent part:
Pursuant to G.L.c. 231, §108, a judge may, in his or her discretion, report a judgment, interlocutory or other ruling, finding or decision for determination by the Appellate Division. The judge’s report shall for all purposes under these rules constitute a notice of appeal. ... The court may, upon notice to the parties, conduct a hearing on the form and content of the report prior to filing. The report as filed shall contain all information necessary to permit a review and determination of the issues presented.

 Amidst the several tangles in this action was that surrounding various attempts at appeal, to this Division and to the Appeals Court. Because the trial court reported to this Division the core of the issues we address, any irregularities and timing deficiencies from which prior attempts at appeal might suffer are deemed waived or moot. See Dist./Mun. Cts. R. A. D. A., Rule 5.

 We provide the following further history. In September, 2011, some six weeks after the original judgment had entered against the corporation, Davagian moved to “add president of corporation,” Pappas. But that motion suggested only that the capias that had issued three days before “should be [directed] to” Pappas, the corporate president, and it notes that the “business office is in the residence of Thomas Pappas.” The clerk-magistrate allowed that motion without a hearing. That motion did not seek to add Pappas as a party defendant. Pappas appeared on the capias in April, 2012, and moved to have himself “removed” as a defendant in the action. That motion was marked up for a hearing in July, 2012. Pappas did not appear, and the motion was rescheduled for August, 2012. It was denied (even though Pappas was not in fact a defendant). In September, 2012, apparently appreciating that Pappas was indeed still not a party defendant, Davagian moved to amend the judgment to include Pappas. The clerk-magistrate allowed that motion “forthwith without a hearing,” and a new judgment issued naming the defendant as “Pappas d/b/a” the corporate defendant. In October, 2012, Pappas, through counsel, moved for reconsideration of that allowance and, pursuant to Rule 8 of the Uniform Small Claims Rules, for relief from the judgment. Those motions were denied on November 14, 2012. A few days later, Pappas filed two, slightly different, notices of appeal, one to the Appeals Court and one to this Division. Both notices were nullities. Some five months later, in April, 2013, Pappas filed a motion with the trial court to declare the judgment against him “void and/or uncollectible.” That motion was denied by a judge after hearing, and it is from that denial Pappas sought a report.

 The motion was a recasting of the motion for relief from judgment that had been denied by the clerk-magistrate in November, 2012.