Coven, J.
Defaulted for having failed to appear at a case management conference, judgment entered against the defendants in the amount of $16,712.50, which, when adjusted for double damages pursuant to G.L.c. 93A, interest, and attorney’s fees, resulted in a total judgment of $49,327.01. Only defendant Bob Blair (“Blair”) has appealed.
It is undisputed that the plaintiff, Ken Musi (“Musi”), sought in November of 2004 to have a motor boat built for him, advanced $16,712.50 in funding, and was never delivered the boat. Nondelivery led to this action being filed under the theory that the defendants had breached their contract and the breach was an unfair and deceptive practice.
The docket entries establish that the complaint was filed on May 8, 2007. Service was timely effected, and a default entered against each defendant on June 20,2007. A motion for assessment of damages was filed and scheduled for hearing. Before the hearing, however, the defendants retained counsel to represent them jointly, and counsel filed an appearance and a motion to remove the default. The motion to remove the default against each defendant was allowed on August 21, 2007. Dissatisfied with the progress of discovery, the plaintiff, on February 4, 2008, filed a motion to compel the production of documents. That same date, a case management conference was scheduled for March 13, 2008.
Between February 4, 2008 and March 13, 2008, several events occurred. Defendants each filed an answer; the defendants filed a motion to compel the production of documents; and the defendants’ counsel filed a motion to withdraw. Plaintiff’s motion to compel the production of documents was allowed, and the defendants’ counsel’s motion to withdraw was allowed. Based on an ex parte motion by the plaintiff, made after the allowance of the motion to withdraw, the case management conference was rescheduled, apparently on March 12, 2008, *39 for April 10, 2008.[2]
Prior to the rescheduled conference date, the plaintiff sought sanctions against the defendants for discovery violations. The motion was allowed.
Failing to appear at the rescheduled case management conference, each defendant was again defaulted.[3] A motion for assessment of damages was thereafter filed and scheduled for April 22, 2008. After hearing, judgment entered against each defendant.
There is no evidence in the record of any documents, other than an accounting of attorney’s fees, being accepted by the motion judge in connection with the assessment of damages. There is no dispute, however, and it was conceded by Blair, that the plaintiff was owed $16,712.50. Blair nevertheless maintained that he was not individually responsible because the obligation was that of the defendant corporation. Plaintiff, in his complaint, alleged that the entity under which Blair and codefendant Joseph A. Berkman (“Berkman”) operated, The Gloucester Boat Building Company, Inc., was a partnership. No affidavit was filed by the plaintiff regarding why he believed Blair or Berkman were partners or why he may have believed that he dealt with each in a capacity that exposed them to individual liability.
In the record appendix, there are the articles of organization showing that *40 The Gloucester Boat Building Company, Inc. was incorporated on April 26, 2002. The record appendix also shows that, as of January 21, 2004, ten months before the plaintiff contracted for the building of his boat, Blair was issued stock in the company.
Apart from the procedural history and the transcript of the assessment hearing offered as part of the record appendix, included in the record before this Division is the defendants’ motion to vacate the first default and an affidavit of Blair made in support of the motion. In the affidavit, Blair asserts that The Gloucester Boat Building Company, Inc. is a corporation and that he never had a partnership relationship with Berkman. This assertion was made in support of the argument that being a corporate officer and acting in this capacity removed him from personal liability, which would be considered a meritorious defense. Blair, in his answer to Musi’s complaint, denies acting in a capacity other than as an agent of the corporation.
The only evidence controverting Blair’s position is found in the plaintiff’s complaint, G.L.c. 93A letter, and memorandum in support of assessment of damages and attorney’s fees. In each document, it is asserted that Musi’s contacts originated with Berkman and that in August 17, 2005, Musi spoke with Blair who described himself as only an investor and not an officer. In conclusory fashion, Musi asserts that Blair was a partner with Berkman and that the representation by Blair that he was an investor with no other position was false.
When the issue of corporate status arose at the assessment hearing, the motion judge informed Blair that if it was indeed a corporation and Blair was not an attorney, Blair could not represent himself. Counsel for Musi stated his client was not aware, prior to litigation, that the business his client dealt with was a corporation. Counsel for Musi stated that it was not his claim that his client dealt with a corporation.[4]
Default does not guarantee recovery. A default admits only well-pleaded facts. Nancy P. v. D’Amato, 401 Mass. 516, 519 (1988). A default does not operate “as an absolute confession by the defendant of his liability and of the plaintiff’s right to recover.” Productora e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 834 (1978), quoting Nishimatsu Constr. Co. v. Houston Nat’l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). “[Ejven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.” Id. at 834-835, quoting 10 C.A. WRIGHT & A.R. MILLER, FEDERAL PRACTICE AND PROCEDURE §2688, at 282 (1973).
Personal liability was clearly a focus of the assessment hearing. On the record presented to this Division, we cannot find sufficient support for the conclusion that Blair is personally liable for the debt owed. Personal liability was not established by the conclusory statement that Berkman and Blair acted within the context of a partnership. Nothing established this factual assertion. Contrary to this assertion is evi *41 dence that there existed a corporation organized to build the type of boat ordered by Musi and of which Blair held an interest. Even at such time when Musi, according to the pleaded facts in his complaint, first spoke with Blair, Blair asserted that he was an investor and had no other position with the defendants. The complaint and the evidence included in the record fail to establish the basis for Musi’s conclusion that there existed a partnership between Berkman and Blair.
Judgment for the plaintiff is vacated, and the matter is returned to the trial court.
So ordered.

 At the assessment hearing, Blair stated that at the end of the day on March 12th, he had been informed by counsel who had withdrawn from representing him that the plaintiffs counsel had cancelled the case management conference scheduled for the next day, and that he had received no notification of the rescheduled date. Blair also indicated that there was a history in this action of him not receiving proper notification. Apparently, original service was made on Blair at 22 Friend Street, Gloucester, MA. In Blair’s motion to remove the default, he asserted in his uncon-troverted affidavit that he had resided at 39 Kittery Avenue, Rowley, MA, at the time of service and for several years prior. Notice of the entry of the second default was sent to Blair at the Gloucester address. Notice was returned to the court. The certificate of service attached to the plaintiffs motion for assessment of damages indicates that notice of the hearing was sent to Blair at his Rowley address on April 12, 2008. The docket sheet indicates that on May 22, 2008, the defendant called the Gloucester District Court clerk’s office and asked that he be sent a copy of the judgment that entered against him to 39 Kittery Avenue, P.O. Box 705, Rowley, MA.
We note that Blair had a duty to notify the court of his correct address once counsel had withdrawn. In general, notification “requires, preferably, a separate document dedicated to that purpose or, at the very least, a document which by its caption shows that notice of change of address is part of the purpose of the document. Anything less would impose an altogether unreasonable burden on the clerks of the courts.” Keenan v. Maybrook, Inc., 40 Mass. App. Ct. 144, 147 (1996). The clerk need not search the file for a correct address that is provided by way of an affidavit that serves a different purpose. In any event, the address provided in Blair’s affidavit differed from the address he directed the court to send him the judgment notice. This latter address included a post office box number.

 It is uncontroverted that the defendant never received notice of the rescheduled case management conference.

 It was permissible for Blair to defend himself against personal liability while at the same time asserting the corporate status. The corporate defendant was the entity that required representation.