Greco, P.J.
This is the third appeal before us concerning the negotiations for the sale of a boat to Ken Musi (“Musi”). Musi has obtained judgments against two individuals and a company. At issue this time is whether the trial court erred in allowing Musi’s motion to add a limited liability company as a defendant in his quest to collect damages for a deal gone bad.
The legal saga began on May 9, 2007, when Musi filed a complaint against Joseph Berkman (“Berkman”), Bob Blair (“Blair”), and “The Gloucester Boat Building Co.”[3] for breach of contract in failing to deliver a boat that Musi had ordered and on which he had made an advance payment of $16,712.50. These three defendants were served, but were defaulted on June 20, 2007. In August, 2007, the defendants moved to have the default judgments vacated, which motions were allowed. The defendants filed their answers on February 4, 2008. On April 3, 2008, after various discovery skirmishes, Musi filed a motion to add as a defendant Gboats, LLC (“the LLC”), arguing that “all of the assets of the Gloucester Boat Building Company, including the deposits held for the production of [Musi’s]” boat were illegally transferred to the LLC in an attempt to avoid its obligation to pay Musi for the return of his deposit. The motion to add a party was scheduled for hearing on April 22, 2008.[4] Before that date, on April 11, 2008, the three origi *19 nal defendants were again defaulted, this time for failing to appear at a case management conference, and judgments were entered for Musi. Thereafter, on June 10, 2008, the motion to add the LLC as a party was allowed, although that allowance is not reflected on the docket. There is no indication that counsel for the LLC appeared at the hearing. Nine days later, judgment was entered against Berkman, Blair, and the Gloucester Boat Building Co. Although it had been added as a party, whether appropriately or not, no judgment was entered against the LLC. Only Blair appealed to the Appellate Division.
Our original decision in the matter was issued on March 2, 2009. It was captioned Ken Musi vs. Joseph A. Berkman, and others, 2009 Mass. App. Div. 38. The “others,” as named in a footnote based on the trial court docket, were “Bob Blair and the Gloucester Boat Building Company, Inc., also known as Gboats, LLC.” Id. at 38 n.l. Apart from this footnote, we noted in our decision that in his complaint, Musi alleged that the entity under which Blair and Berkman operated, that is, The Gloucester Boat Building Company, Inc., was a partnership. On appeal, Blair did not dispute that Musi was owed $16,712.50, but, as stated in our opinion, “nevertheless maintained that he was not individually responsible because the obligation was that of the defendant corporation.” Id. at 39. In vacating the trial court’s judgment for Musi, we stated that “[pjersonal liability was clearly a focus of the assessment hearing,” but that “[o]n the record presented to this Division, we cannot find sufficient support for the conclusion that Blair is personally liable for the debt owed. Personal liability was not established by the conclusory statement that Berkman and Blair acted within the context of a partnership. Nothing established this factual assertion. Contrary to this assertion is evidence that there existed a corporation organized to build the type of boat ordered by Musi and of which Blair held an interest.” Id. at 40-41. Other than the reference in the footnote mentioned above, “Gboats” or an “LLC” was not discussed, although it was noted that The Gloucester Boat Building Co. was incorporated on April 26, 2002.
While Blair’s appeal was progressing, Gboats, LLC, through counsel, filed a motion for relief from judgment or to set aside the judgment against it, even though the trial court docket does not reflect any such judgment. The grounds stated in the motion were that the LLC was not given notice of the motion; that the motion was not served on the LLC’s resident agent; that the LLC was not notified of any hearing to assess damages; that although a judgment had entered against The Gloucester *20 Boat Building Co. reflecting that it was also known as the LLC, the LLC was “a separate and distinct corporate entity from The Gloucester Boat Building Co., Inc.’”; and that a default had never entered against the LLC. In his opposition to this motion for relief, Musi’s attorney repeatedly referred to Gboats, LLC only as another name for The Gloucester Boat Building Co.[5] He acknowledged that all notices were sent to Gloucester Boat Building Co. at 106 Western Avenue, Essex, Mass., but that the Company “is not now nor was it ever a defendant” in his action. He also argued that service on Berkman as an officer of the LLC was sufficient.
When the matter was returned to the Gloucester District Court after our first opinion, it was transferred to the Peabody District Court for there to be a new trial. On July 27,2009, the jury returned a verdict for Musi against Blair in the amount of $16,712.50. Ultimately, judgment was entered for Musi in the amount of $75,238.05, which included single damages, prejudgment interest, punitive damages, costs, and attorney’s fees. Blair once again appealed to the Appellate Division. In our February 11, 2011 opinion, see Musi v. Blair, 2011 Mass. App. Div. 51, the corporate entities were discussed even though the appeal related only to Blair as an individual. However, as to the entities, the following was noted. The Gloucester Boat Building Co. was incorporated in 2002. Berkman and his wife were the officers of the corporation and were issued ten percent of the authorized amount of its stock. In 2004, Blair was given a forty-percent interest in the stock “in exchange for his financial and personal contributions made to the corporation during the year 2003.” Id. at 52. In May, 2006, Gboats, LLC was “formed as a domestic limited liability company. ... Berkman and Blair and two others were named as the company’s managers, and Gloucester Boat [Building Company] was listed as having a sixty percent membership interest, based on the contribution of its operating assets.” Id. There was no “formal partnership agreement between Berkman and Blair.”[6] However, Blair “acknowledged that he was a manager of Gboats, LLC” and that Gloucester Boat Co. was a member of Gboats, LLC.
As to the merits of Blair’s appeal, i.e., the second appeal to this Division, we concluded that “without attributing Berkman’s acts to Blair, a finding of a [G.L.] c. 93A violation against Blair with respect to Musi’s agreement to buy the boat and to pay the first deposit was not warranted.... There was no evidence that Blair in any way induced Musi to make the deal, or to put money down on the boat.” Id. at 59. However, we further determined that the “evidence was sufficient to establish a *21 causal connection between Musi’s loss of his second deposit and Blair’s own acts in violation of c. 93A.” Id. The matter was returned to the Peabody District Court “so that the reduction in damages and any resulting reduction in prejudgment interest may be made.” Id.
After execution was issued by the Peabody District Court, the case was returned to the Gloucester District Court on the issue of attorney’s fees and costs. Counsel for the LLC filed its motion for relief from judgment in Gloucester; the motion was denied. The LLC appealed from that denial to the Appellate Division. While the appealing party was the LLC, the docket in the Gloucester District Court indicated that the appealing party was ‘The Gloucester Boat Building Co. a/k/a Gboats, LLC,” although it was also noted that the expedited appeal was filed by “GBOATS, LLC ONLY.”
To summarize somewhat the events as they directly relate to this third appeal, at the time the parties were negotiating the sale of a boat to Musi, the Gloucester Boat Building Co. was in existence, but Gboats, LLC was not. By the time Musi filed his complaint, the LLC was in existence, but Musi did not name the LLC as a defendant. Musi waited approximately a year to seek to add the LLC as a party. In his motion, Musi alleged that “[ujpon information and belief the formation of the subject LLC was for the purpose of attempting to avoid the debts and obligations of the defendant, Gloucester Boat Building Company, including the debt owed to the plaintiff.” Judgment was entered on the original case on June 10,2008 against Berkman, Blair, and the Gloucester Boat Building Co. On the same day, Musi’s motion to amend was allowed. However, there is no reference in the docket to any judgment against the LLC. The only reference to the LLC was the notation that on June 19, 2008, a military affidavit was filed as to whether the Berkman, Blair, or the “Gloucester Boat Building Co., a/k/a Gboats LLC. is in military service.” Two months later, counsel for the LLC filed a motion for relief from judgment, which was denied on September 2, 2008, and which is the subject matter of this appeal.[7] The matter was then transferred to the Peabody District Court for trial. As noted above, that trial involved only Musi and Blair.
On this appeal, Gboats, LLC contends that the court erred in allowing Musi’s motion to add a party and in denying its motion seeking relief from that order, arguing in both instances that it was denied the right to be heard in opposition. Specifically, the LLC asserts that it received no notice of Musi’s motion. While Musi seems to argue that he served notice on one or more of the existing parties, there is no indication that he served the LLC, i.e., the true party in interest. Pursuant to Mass. R. Civ. R, Rule 5(b), “service shall be made on the attorney unless service upon the party himself is ordered by the court.” Apart from the service of the motion, there is no indication that the LLC was told when Musi’s motion to add it as a party would be heard.
In Srebnick v. Lo-Law Transit Mgt., Inc., 29 Mass App. Ct. 45 (1990), the Appeals *22 Court stated that “[t]he preferable practice would be for a party seeking to add a new party to give the proposed new party notice of the motion to amend so that the new party would have the opportunity to file an opposition and request a hearing.... If no such notice is given, it is certainly preferable for the issue of the propriety of the allowance of a motion to amend to add a party to be raised promptly before a judge and, in any event, before trial” (citation omitted). Id. at 51. The Supreme Court of the United States has dealt with this issue of notice in situations somewhat similar to the case before us. In Nelson v. Adams USA, Inc., 529 U.S. 460 (2000), the trial court had ordered a corporation to pay costs and fees. Fearing that the corporation would be unable to comply, the opposing party moved to amend its pleading to add the president and sole shareholder of the corporation as a party from whom the money could be collected. The motion was allowed and judgment entered against the president. On appeal, the Supreme Court stated that in these circumstances, “[ajppeal after judgment ... did not provide an adequate opportunity to defend against the imposition of liability.” Id. at 466. The Court also stated that “ [e] ven when an amendment relates back to the original date of pleading under Rule 15(c),... the relation back cannot, consistently with due process, deny a party all opportunity to be heard in response to the amendment.” Nelson, supra at 467 n.l. In this case, the LLC did not have the opportunity to argue that it was a separate entity from the Gloucester Boat Building Company that should not be added as a party.
Pursuant to G.L.c. 156C, §20 (c), a “person may be admitted to a limited liability company as a member and may receive an interest in the limited liability company without making a contribution or being obligated to make a contribution.” Under the law, a “person” would include a natural person, partnership, and a company, among other entities. G.L.C. 156C, §2. “After a limited liability is formed with the filing of a certificate of organization in proper form, the company’s debts, obligations, and liabilities, whether in contract, tort or otherwise, are those solely of the company. Members of the limited liability company are not obligated personally for any debt, obligation, or liability of the company solely by reason of being a member.” H.J. ALPERIN, SUMMARY OF BASIC LAW §6.154, at 1006 (4th ed. 2006), citing G.L.C. 156C, §22. However, “[t]he protection from liability afforded members ... applies when the company is vicariously liable on account of the conduct of a member or manager. That is, there are circumstances in which a member... may be personally liable to third parties for his own actions, in which case the company is vicariously liable, but members not participating in the conduct giving rise to liability are not liable.” Id. On the other hand, it should also be noted that the name of an LLC “may not be the same as, or deceptively similar” to the name of any existing corporation, partnership, or LLC. G.L.c. 156C, §3(3).
Here, the entity sought to be added was the LLC, not its members, i.e., not Blair, not Berkman, not any partnership between Blair and Berkman, and not the Gloucester Boat Building Co. There is nothing in the record before us that indicates that the LLC was given notice of the hearing on the motion to add. At the April 22, 2008 hearing, no attorney appeared on behalf of the LLC. “[Cjorporations must appear and be represented in court, if at all, by attorneys.” Varney Enters., Inc. v. WMF, Inc., 402 Mass. 79, 82 (1988). Thus, neither Blair nor Berkman could speak for the LLC. Indeed, since Berkman’s and Blair’s own liability may be at stake, their interests would appear antagonistic to those of the LLC. Moreover, at any such hear *23 ing, Musi would have to prove that the Gloucester Boat Building Co.’s assets were “illegally transferred” to the LLC. Other matters to be possibly addressed would be the legal significance, if any, of notations that the Gloucester Boat Building Company may have been known as “Gboats, LLC,” and whether the LLC’s name was “deceptively similar” to the existing company’s name. Such issues would require factual determinations by the trial court.[8]
Accordingly, any order adding the LLC as a party, as well as any order denying Gboats, LLC’s motion for relief from judgment are vacated. No further action is required.[9]
So ordered.

 This entity will hereafter be referred to in this way unless it is referenced otherwise in a quotation.

 Musi’s attorney made reference to a hearing on the motion, stating that a transcript was appended as exhibit A to the Dist/Mun. Cts. R. A. D. A., Rule 8A, expedited appeal record. That exhibit, however, consisted of only two transcript pages reflecting what seems to be the middle of a hearing before a judge at which Berkman and Blair were present.
*19 We have now obtained that transcript. According to the exhibit, Blair testified that he was a stockholder, but not an officer, in the Gloucester Boat Building Co. He then stated that “[w]e have now, in essence, a re-formed company over — now, almost two years ago, ... there’s another company, GBoats, LLC ... which includes Gloucester Boat Building,” [sic] along with a “small investment LLC, and that they “continue to produce boats.” Blair further stated that “we” were trying to settle the matter with Musi, that he, Blair, does not oppose “GBoats, LLC being brought in as a co-defendant.”

 In his opposition to the LLC’s motion for relief, Musi’s attorney argued that the LLC was the “alter ego of Gloucester Boat Building Company,” that there was a “de facto merger” of the two entities, and that the LLC “is the exact same business as Gloucester Boat Building Company.” At the hearing on April 22,2008, he argued that the “Gloucester Boat Building Company was in fact, a non entity. They had closed the business the year before, transferred all of the assets, moved into a garage bay in Essex and changed the name from Gloucester Boat Building Company to Gboats, LCC.”

 The negotiations and other activities concerning Musi’s purchase of the boat began in the fall of 2004 and continued into the late summer and early fall of 2005.

 The docket indicates that counsel filed his appearance for “The Gloucester Boat Building Co., A/K/A Gboats, LLC.” The docket also indicates that the LLC also filed a motion for relief from judgment on March 30, 2012, which was also denied.

 In its motion for relief from judgment, Gboats, LLC argued that any reference to it was merely a clerical mistake that could be addressed under Mass. R. Civ. P., Rule 60(a). However, the factual issues in this case are more complicated than those typically resolved under Rule 60(a) such as simple calculation of interest or attorney’s fees. Lopes v. City of Peabody, 430 Mass. 305, 314 (1999).

 The only reference to the LLC in a judgment entered by the Gloucester District Court or the Peabody District Court appears in the Gloucester judgment dated June 10,2008 in which the Gloucester Boat Building Co. A/K/A GBOATS, LLC is named as a defendant. For the reasons set out above, the LLC cannot be considered as a party in that judgment.